Parsons, C. J.
We have looked into this case, and on consideration are all of opinion that the verdict must be set aside, and a new trial granted.
It is an indispensable rule of law, that evidence of an inferior nature, which supposes evidence of a higher in existence, and which may be had, shall not be admitted.
In the present case, Pecker was an unexceptionable witness to *567 prove that the defendant passed a bank note to him; but when he testified that the bank note he received had been out of his possession, and in the possession of the justice, whose testimony might have been had, it was irregular to admit him to testify to the identity of the note produced from his recollection * of [ * 647 ] accidental marks. The testimony of the justice would have been direct, and is of a superior nature.
If the witness present had, before he parted with the note, made any private artificial mark, which he recognized on producing the note, and to which he could positively swear, we think such testimony ought to have been admitted, as being of as high and satisfactory a nature as the justice’s testimony; because it could not be presumed that a fac simile of his private artificial mark would be imposed on another note by another person. But any accidental marks on this note might have happened to be on other notes.
In the case of Williams vs. The East India Company, (1) the testimony of witnesses, from which a strong and satisfactory presumption arose, was rejected, because it appeared that there was a witness who might have been produced, and who could have testified directly to the fact, (a)
The same objection lies to Pecker’s wife as lies to him, and a new trial must be granted.

 3 East, 192.

 [Vide Commonwealth vs. James, 1 Pick. 381, 382. — Ed.]