Catron, Ch. J.
delivered the opinion of the court.
The first ground of objection, and on which a new trial is claimed, is, that the best evidence of the ownership of the money stolen, was notproduced. John Plunk’s money was the subject of the larceny. His daughter, Elizabeth Plunk, proved that it was in the house, lying upon an open shelf among some clothes; she saw it there in the morning. The succeeding night the defendant lodged at her father’s, and was in the house alone; that next day the money, (about 160 specie dollars,) was missing, no one save the family having been there, and in a situation to take it, hut defendant. It is insisted John Plunk was the best witness to prove the ownership of the money, and that no evidence should he taken as proof of a fact, which from the nature of the fact, supposes still better testimony behind in the power of the party. 1 Phil. Ev. 176: 1 Stark. Ev. 389, 390: M’Nally’s Ev. 342.
That, when the testimony of a witness is direct, it is of a superior nature to the testimony of one from whose *146 ev^ence onty a strong presumption may arise. 3 East, 192: 4 Mass. Rep. 646.
The grade of evidence of John Plunk, and Elizabeth Plunk, would have been the same, and the objection rests itself on a defect of proof, supposing better behind. That John Plunk owned, and had in his possession $160, could just as well be proved by his daughter, as himself; that it was in its proper place on the morning of one day, and missing the next, and in the mean time defendant in a situation to steal it, was most probably better known to her than any other person. No doubt the money was stolen.
It is next insisted, that there was not evidence sufficient adduced to the jury to warrant the verdict. Defendant’s own account of his pecuniary concerns was, that he left home with a horse worth $50, that he exchanged some six times, and bought and sold once, and in some three or four days returned with a horse worth eighty dollars, and fifty dollars in money. When he was arrested he had in his possession 76 specie dollars. It was proved he had exchanged horses once, and given twenty specie dollars to boot. Smith, with whom he exchanged, had doubts of his honesty, and called a witness to the trade, and who examined the money. Lowrance said it was good, he had collected it the day before. The defendant introduced no proof that he had gotten the ninety six dollars by exchanging and selling horses as stated by him; this was a bungling fabrication: how did he get it? Stole it from Plunk beyond doubt!
The next objection is, that the pannel of jurors furnished by the county court, had only twenty five on it, instead of twenty six; that for this reason the indictment is void, the judgment must be arrested and the defendant discharged. ■
It has been decided by this court, in the cases of Cornwell vs. the State, Bennett vs. the State, and M’Clure vs. the State, reported in Martin and Yerger’s, and in I *147 Yerger’s Reports, that if it appears the jurors were good and lawful men, no further qualifications in detail, need be stated. You must presume in favor of, and not against the statement in the record. 1 Yerger’s Reports, 215.
But it is insisted, that here the presumption is rebutted, for that it is shown by the record that the panúel was illegal and of course void. Such was judge Peck’s opinion delivered at the last term in Coat’s case. He says: “A venire facias for less than the number required by the act of Assembly, is in law no venire, facias.” Grant the conclusion from the premises, and what is the consequence? By the act of 1779, ch. 6, the circuit court for want of a nomination of jurors by the county court, shall summon and empannel by-standers. The act of 1817, ch. 131, makes the same provision. Of course, if the county court nomination'be illegal and void, it will be disregarded by the circuit court, and by-standers empannelled. The jurors thus unlawfully nominated and summoned, being freeholders, or house holders, are good and lawful men, and standing by, may be empannelled.
Suppose a sufficient number are not summoned by the sheriff, or if summoned, do not attend. The act of 1817, orders the deficiency to be made up of by-standers. A majority of this court do not believe that when less than twenty six jurors are nominated, the order of the county court is void. Every man in the county who is a freeholder, or householder, being the “peer” of every other man, is a qualified juror. The county court has the right to nominate as high as twenty six for the circuit court, and the circuit court the power to summon every man in the county to attend, if needed, and out of twenty six to draw a grand jury. The rights of these inquisitors and judges of facts are equal, and the circuit courts have full power and unlimited discretion, without making distinctions, to call forth and organize this arm of the *148 judicial power. Truly, for the sake of convenience and that a jury may be ready to aid the courts, the county court is directed to see that the common sheriff of both courts has a jury ready on the first day of the term. But if the county court, the sheriff, or the jury summoned fail, the circuit court in virtue of its own powers, calls upon the jurors of the county at pleasure, and proceeds with the business. We deem it idle to refine in a court of error, in reference to the details of practice in the courts below. Was the grand jury who found the bill of indictment, composed of good and lawful men? Such is the presumption in favor of the proceedings of the circuit court, (M’Clure’s case,) and the presumption is fortified by the record. The other exceptions, we apprehend, are of no material consequence, and we do not doubt the defendant was well convicted.
Green, J.
gave no opinion upon the last ground of exception mentioned in the above opinion, and concurred upon the others in affirming the judgment.
Judgment affirmed,