CASE 2—INDICTMENT FOR FAILURE OF CORPORATION TO FILE STATE-
MENT IN OFFICE OF SECRETARY OF STATE BEFORE CARRYING ON
BUSINESS IN KENTUCKY—MARCH 10.

# Knoxville Nursery Co. v. Commonwealth of Kentucky.

### APPEAL FROM CRITTENDEN CIRCUIT COURT.

JUDGMENT OF CONVICTION IN LOWER COURT.  AFFIRMED.

SUFFICIENCY OF INDICTMENT IN DESIGNATION OF OFFENSE—EXCEP-
TIONS NOT NEGATIVED IN INDICTMENT—COMPETENCY OF EVIDENCE—
ADMISSIONS—FAILURE OF BILL OF EXCEPTIONS TO SHOW MISCON-
DUCT OF COUNSEL.

Held:   1. As it is sufficient, in an indictment for a statutory offense
for which there is no generally known name, to designate the
offense by a brief general description in the language of the
statute, an indictment under Ky. Stat., sec. 571, which accuses
defendant "of the offense of carrying on business in this State
without filing in the Secretary of State's office a statement giving
location of its office or offices in this State, and the name of its
agents upon whom process could be served," sufficiently desig-
nates the offense charged.

2. The averment that defendant "did unlawfully carry on its busi-
ness of selling fruit trees and delivering them to various parties
in Crittenden county" sufficiently negatives the idea that defend-
ant was a foreign insurance company.

3. A certificate filed by defendant in the office of the Secretary of
State, which was a declaration by defendant of its existence as
a foreign corporation, though not the strongest possible evidence
of that fact, was not for that reason secondary evidence, as it did
not pre-suppose greater evidence, but was competent as primary
evidence of an admission by defendant.

4. Defendant can not escape punishment by showing that it filed
the required statement before delivering the goods it had sold,
the execution of the contracts of sale being the carrying on of
business.

5. There can be no reversal for the misconduct of counsel in argu-
ment, where the language complained of does not appear in the
bill of exceptions, but is stated merely in the grounds for a new
trial.

Knoxville Nursery Co. v. Commonwealth of Kentucky.

JAMES A. MOORE, JOHN A. MOORE and A. C. MOORE for Appel-
    LANT.

1. Demurrer should have been sustained to the indictment, because
   the name of the offense is not given in the *accusatory* part of the
   indictment; and

2. Because the indictment fails to allege that the defendant company
   is not a foreign insurance company. Com. v. Smithers, 8 Ky.
   Law Rep., 612; Com. v. Bierman, 13 Bush, 348.

3. The court erred in permitting to be read to the jury the certifi-
   cate of the Secretary of State of Kentucky as evidence that ap-
   pellant was a corporation, doing business under the laws of the
   State of Tennessee.

4. The court erred in permitting the attorney for the Commonwealth
   against the objection of the defendant, to state in his argument
   to the jury that the defendant had been doing business in this
   State for ten years, and after it had been caught, it slipped up
   to Frankfort, and filed a statement with the Secretary of State,
   dating it back so as to cover the offense charged.

CLIFTON J. PRATT, Attorney-General for appellee.

1. Where there is no generally known name for a statutory offense,
   an indictment, under the statute, in designating the offense,
   should give a brief general description in the language of the
   statute, which is done in this case. Gravel Road Co. v. Com., 14
   Ky. Law Rep., 812.

2. The indictment accuses the defendant of carrying on business in
   this State, without filing in the office of the Secretary of State,
   a statement, giving location of its office in this State, and the
   name of its agents upon whom process could be served. This is
   sufficient. Sulzer v. Com., 4 Ky. Law Rep., 365; White v. Com.,
   9 Bush, 179.

3. A copy of any record, filed or lodged with the Secretary of State,
   is competent evidence. Kentucky Statutes, sec. 1627.

4. The proof showed the sale of fruit trees by the authorized agents
   of defendant long before the filing of the certificate with the
   Secretary of State; the fact that the trees were not delivered
   until after the filing of the certificate will not excuse the defend-
   ant.

5. There is no evidence in the record of the objectionable language
   complained of as having been used by the attorney for the Com-
   monwealth.

### AUTHORITIES CITED.

Com. v. Slaughter, 12 Ky. Law Rep., 893.
Daviess Gravel Road Co. v. Com., 14 Ky. Law Rep., 812.
Sulzer v. Com., 4 Ky. Law Rep., 365.

White v. Com., 9 Bush, 179.
Ky. Stats., secs. 571 and 1627.
Vowels v. Com., 83 Ky., 193.
Johnson v. Com., 9 Bush, 224.
Kean v. Com., 10 Bush, 190.
Patterson v. Com., 86 Ky., 313.

OPINION OF THE COURT BY JUDGE DuRELLE—AFFIRMING.

Appellant was indicted under section 571, Kentucky Statutes, which provides that "all corporations except foreign insurance companies formed under the laws of this or any other State, and carrying on any business in this State, shall at all times have one or more known places of business in this State, and an authorized agent or agents thereat, upon whom process can be served; and it shall not be lawful for any corporation to carry on any business in this State until it shall have filed in the office of the Secretary of State a statement, signed by its president or secretary, giving the location of its office or offices in this State, and the name or names of its agent or agents thereat upon whom process can be served," etc.

It is urged, as ground of reversal of the judgment of conviction, that the demurrer to the indictment should have been sustained because it did not properly name the offense in the language of the statute, and because in describing the defendant as a foreign corporation it failed to state that it was not a foreign insurance company. We do not regard either of these objections as tenable. The indictment gives "a brief general description in the language of the statute" by the words, "accuse the Knoxville Nursery Company of the offense of carrying on business in this State without filing in the Secretary of State's office a statement giving location of its office or offices in this State, and the name of its agents upon whom process

could be served." The description of the offense seems to
us to be ample, under the ruling in Daviess Gravel-Road
Co. v. Commonwealth, 14 Ky. Law Rep., 812. The other
objection, that no words of exclusion were used as to
defendant being a foreign insurance company, seems to
be met by the averment that the defendant "did unlaw-
fully carry on its business of selling fruit trees and de-
livering them to various parties in Crittenden county,"
etc., which we think sufficiently negatived the idea that
the defendant was a foreign insurance company.

It is next objected that the court erred in permitting
incompetent evidence to go to the jury, viz.: a certified
copy of a statement of appellant filed in the office of the
Secretary of State in May, 1898, the year following that
in which the sales and deliveries were proved to have been
made, but bearing date October 15, 1897, after the sales,
but before the delivery: it being urged that the certificate
was not the best evidence of the fact that appellant was
a foreign corporation, but was secondary evidence,—the
certificate filed with the Secretary of State of Tennessee,
where the original articles of incorporation were filed,
being primary evidence. But the certificate of the com-
pany itself, signed by its duly-authorized officers, was not
secondary evidence of the incorporation. It was a differ-
ent kind of primary evidence. The certificate filed in the
office of the Secretary of State was a declaration by the
defendant of its existence as a foreign corporation, a fact
to be proven against it, and was therefore admissible to
prove that fact against it, as a voluntary declaration al-
ways may be against a defendant. It may be that a mere
admission would not be the "strongest possible assur-
ance" of its existence as a foreign corporation, and that
the original articles would be; but that is not the criterion,

the rule being, not that the strongest possible assurance shall be required, "but that no evidence shall be admitted which presupposes greater evidence in the party's favor." U. S. v. Reyburn, 31 U. S., 352, 8 L. Ed., 424; Com. v. Kinison, 4 Mass., 646; Rice, Ev., sec. 28. The usual distinction between the best and secondary evidence is illustrated by the production of a copy of an original document, the failure to produce which is not legally explained. As this evidence had been introduced, as well as evidence of the carrying on of business in Crittenden county, it would have been error to give the peremptory instruction asked.

Instruction No. 1 correctly gave the law upon the facts shown before the jury. Appellant offered evidence, which was excluded, that it had, on October 15, 1897, mailed to the office of the Secretary of State the original statement, a duplicate of which was subsequently filed in that office in May, 1898. The effect of that evidence, and the propriety of the instruction based upon it and offered by appellant, need not be considered; for if it had been filed on October 15, 1897, that was after appellant had carried on business in the State of Kentucky by making numerous contracts for the sale and delivery of fruit trees. The execution of a contract of sale is as much carrying on business as the delivery of the goods.

Complaint is also made of certain highly inflammatory remarks alleged to have been made by the Commonwealth's Attorney upon the subject of corporations in general, and reflections upon the conduct and methods of the corporation, drawn from the contents of a document, the consideration of which as evidence by the jury had been restricted solely to showing the date of a transaction. The language charged is highly improper, and its permission, we think, would be reversible error. But the bill of excep-

tions does not show it was used. The bill shows only that this language was set up as one of the grounds for new trial, i. e., that appellant in his grounds for new trial said the Commonwealth's Attorney' used the language. This is not sufficient.

For the reasons given, the judgment is affirmed.'