CASE 67—PROSECUTION FOR SELLING SPIRITUOUS LIQUORS—Oct. 2.

# Webb v. Commonwealth.

APPEAL FROM LETCHER CIRCUIT COURT.

DEFENDANT CONVICTED AND APPEALS.  AFFIRMED.

CRIMINAL LAW—APPEAL—REVIEW—MOTION FOR NEW TRIAL.

Held: Under Code Cr. Prac. section 281, providing that a decision of the court upon a motion for a new trial shall not be subject to exception, the action of the trial court in refusing a new trial, asked upon the ground that defendant was by unavoidable casualty prevented from being present at his trial, and making defense, can not be reviewed on appeal.

W. F. HALL AND J. P. MOSS, FOR APPELLANT.

The appellant was indicted for selling whisky in violation of a local prohibition law that took effect in 1884, but has long ceased to exist.  His trial was set for the first day of the court and on that day he came to town to attend his trial, was thrown from his mule and severely hurt, and could not attend his trial, and in his absence the case was called and judgment rendered against him by default and fined $100 and costs, and the labor penalty added.  Later in the term he got able to come to court, and entered a motion for a new trial and filed affidavit showing the reason of his non-attendance and his defence, but for some unaccountable reason, his motion was overruled.  No clearer or plainer abuse of the right to a trial was ever presented.  He respectfully asks this court for a reversal, so that he may have an opportunity to have his day in court and his case heard on its merits.

L. Skidmore v. Com., 22 Ky. Law Rep., 409; Payne v. Com., 16 Ky. Law Rep., 839; Short v. Com., 16 Ky. Law Rep., 840.

ROBT J. BRECKINRIDGE, ATTORNEY-GENERAL, FOR COMMONWEALTH.

It does seem to me that this appellant ought to have a trial of his case.

OPINION OF THE COURT BY JUDGE WHITE—AFFIRMING.

The appellant was indicted, tried, and convicted of the offense of selling spirituous liquors in Letcher county.  His fine was fixed at $100, and he appeals.  The bill of excep-

tions shows that on the calling of the case for trial the
appellant failed to answer, and thereupon the indictment
was taken as true, and a jury impaneled a true verdict to
render.    The court instructed the jury to find the defend-
ant guilty, and to fix his punishment at not less than $100
nor more than $200, etc.    The verdict fixed the fine at
$100, and judgment for that amount was rendered.    Af-
terwards, at the same term of court, appellant appeared,
and filed his motion and grounds for a new trial.    In sup-
port of his motion he filed the affidavit of himself and
another, showing that on the morning the case was set
for trial and the day it was tried he came to town, to
be present at his trial and to make defense, and that in
alighting from his animal he fell or was thrown and se-
verely injured, so that he was unable to arise or go to
the court room, and was unconscious for quite a while.
The affidavit in support of his motion, if true, shows that
appellant was by unavoidable casualty prevented from be-
ing present at his trial, and making defense thereto.    The
affidavit, if true, also shows appellant was not guilty of
the offense of which he was convicted.    The court over-
ruled the motion for a new trial, and to this action excep-
tion was taken.    This is the only exception in the case.

Section 281, Code Cr. Prac., provides: "The decisions
of the court upon challenges to the panel, and for cause,
upon motions to set aside an indictment, and upon motions
for a new trial, shall not be subject to exception."    It
has been repeatedly held by this court that under the
above section no action of the trial court upon a motion
for a new trial can be brought before us for review.    If
the alleged error appears in the record, and is some ac-
tion or ruling of the court other than one of the four
classes named in the section, supra, we may review the

action of the trial court.    But the Code is clear that the decision of the court upon motions for a new trial are not subject to exception.    The only decision the court could render upon motion for a new trial is to grant or refuse the new trial, and this action and decision can not not be excepted to or reviewed by this court.    Redmon v. Com., 82 Ky., 333 (6 R.,   225);   York v. Com., 82 Ky., 362 (6 R., 344); Com. v. Hourigan, 89 Ky., 308 (11 R., 509) 12 S. W., 550; Vinegar v. Com. (20 R., 412) 46 S. W., 510; Howard v. Com., 110 Ky., 356 (22  R.,   1845)  61  S.  W., 756, and numerous other cases.    There is no exception in the provisions of the Code in favor of a defendant convicted in his absence.    Nor is there any provision of the Code for a remedy where a person has been convicted in his absence, except by motion to the trial court for a new trial.    From the action of the court, if a new trial is refused, it seems that there is provided no remedy by appeal, because that action is not reviewable here.    Evidently,   the   court   in   the   cases   of   Payne   v. Com.  (16   R.,   839)   30   S.   W.,   416,   and   Sharp v.   Com.  (16   R.,   840)   30   S.   W.,   414,   did   not have its attention  directed  to  this section of the Code, as no mention is made of its provisions, and in so far as these cases appear to conflict herewith they are overruled.

However much we might  believe  appellant  to  have been entitled to a new trial on the showing of the two affidavits, we are without power to review the action of the circuit court on the motion.    The right of appeal in criminal cases exists only by virtue of the statute, and in the manner and with the limitations prescribed.    For the reasons indicated, the judgment is affirmed.