CASE 6—ACTION BY COMMONWEALTH AGAINST THE READ PHOSPHATE
COMPANY TO RECOVER A PENALTY.—MARCH 12.

# Commonwealth v. Read Phosphate Co.

APPEAL FROM LOGAN CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS. REVERSED.

FOREIGN CORPORATIONS—FAILURE TO FILE REQUIRED STATEMENT—BUR-
DEN OF PROOF—CONSTITUTIONALITY OF STATUTE—DISCRIMINATION.
AGAINST FOREIGN CORPORATIONS—INTERSTATE COMMERCE.

Held: 1. In an action by the Commonwealth against a foreign cor-
poration to recover the penalty imposed for engaging in bus-
iness without filing the statement required by statute, it being
shown that defendant has done business in the State, the bur-
den is upon it to show that it had filed the statement re-
quired.

2. Whether defendant had engaged in business in the State was a
question for the jury under the evidence.

3. Kentucky Statutes, section 571, requiring every corporation, ex-
cept foreign insurance companies, to file a statement in the
office of the secretary of State giving the location of its office
or offices in the State, and the name of its agent thereat upon
whom process can be served, does not violate the federal Con-
stitution, as a State may impose any conditions it may desire
on a foreign corporation upon permitting it to do business in the
State, except that it may not in that way regulate the bus-
iness of interstate commerce.

4. The State can not prohibit or regulate by licenses or restrictions,.
except for the protection of the public health, the bringing into
the State from any other State of any article of commerce; but
it may prevent, license, or regulate the sale of any such ar-
ticle by a corporation after it has been brought into the State.

5. The question whether the business in which a foreign corpora-
tion is engaged within the State is interstate commerce is one
of fact to be determined by the proper tribunal.

S. R. CREWDSON, W. L. REEVES AND E. A. VICK, FOR APPEL-
LANT.

This action, to recover a penalty from the appellee, Read Phos-
phate Co., for failing to file statement with the secretary of

State before doing business in the State, was dismissed by the court after hearing all the evidence, upon the ground that appellee had denied that it had failed to file the required statement, and there was no proof that it had not been filed. An examination of the alleged denial will show that the defendant merely denied that it *unlawfully* failed to file the statement and did not deny that it had failed altogether. It claimed that its business was interstate commerce, and that it had the right to carry it on without filing such statement.

We submit that the acts proven are not interstate commerce. The agents spent weeks in Kentucky negotiating sales of its fertilizer. The general manager came to Logan county and made figures and offered terms, and its agents subsequently completed the sales, took notes and collected them and distributed the fertilizers, all in this State and in Logan county.

A home corporation, by our statute, would be liable, why not a foreign corporation? The statute has a wise purpose, to enable the citizen to sue in this State. It is a reasonable regulation—why not enforce it?

E. B. DRAKE, ATTORNEY FOR APPELLEE.

HAMILTON PARKS, OF COUNSEL.

This appeal involves the construction of section 571 of the Kentucky Statutes, and also inquires into the correctness of the ruling of the Logan county circuit court upon said section.

Our first contention is that we deny the allegation of the petition that we failed and refused to file the statement required by section 571 and there is no proof in the record to show it was not filed.

Furthermore there is nothing in the record to show that we were "doing business" in Kentucky.

The defendant is a corporation created by the laws of West Virginia, and engaged in the manufacture and sale of fertilizer. Within twelve months last before the institution of this suit, its agents went into Logan county, Ky., to solicit orders for fertilizer and in pursuance to said orders forwarded same to the home office, it sold and shipped fertilizer into Logan county, Ky. and distributed to the various parties who had ordered it. This the State contends was doing business in this State, and claims that inasmuch as the company did not file the statement, it has the right to recover the penalty. We contend:

1. The statute in question is unconstitutional, in so far as it is applicable to the defendant in that the defendant is a non-

resident corporation engaged in a lawful business of manufacturing and selling an article of commerce and in the commission of the act complained of, it has exercised no right save those guaranteed to it as an importer by law.

2. That the acts charged against this defendant do' not constitute the offense of doing business in this State within the purview of the Kentucky Statutes.

### AUTHORITIES CITED.

Gloucester Ferry Co. v. Pa. L. R. A., bk. 29, U. S., 158; Phil. Mail & S. Co. v. Pa., L. R. A., bk. 30, U. S., 1200; McNaughton Co. v. McGirl, L. R. A., 38, 369; Morawetz on Private Corporations, sec. 972; Gibons v. Ogden, bk. 6 U. S., 69; Welton v. Mo., 23 U. S., 347; Brown v. Maryland, bk. page 684, U. S.; Ribbons v. Shelby County, 30 U. S., 698; Minn v. Barber, bk. 34, U. S., 455; Cooper Mfg. Co. v. Ferguson, 113 U. S., bk. 28, 1137; Taylor on Private Corp., sec. 475a; Bowman v. Chi. & N. W. R. R. Co., 125 U. S., 465; Mobile v. Kimball, 102 U. S., 691; Brown v. Houston, 114 U. S., 622; Walling v. Mich., 29 U. S., 694; State Freight Co. Cases, 21 U. S., 146; Miller Con., 454; Cooly v. Board Wardens, 12 How., 299; Wilson v. Blackwood Creek, 2 Pet., 245; Crutcher v. Ky., 35 U. S., 649; Re McAllister, 51 Fed. Rep., 282; State v. Gouch, 44 Fed. Rep., 276; R. R. Co. v. Husen, 95 U. S., 465; Guy v. Baltimore, 100 U. S., 343; Grimes v. Eddy, 26 L. R. A., 638; Unton v. Sherlock, 75 Mo., 247; Salzenstein v. Mavis, 91 Ill., 391; Bowman v. C. & N. R. R. Co., 31 U. S., 703; Henderson v. N. Y., 23 U. S., 648; Foster v. Blue Earth Co., 7 Minn., 140; Mugler v. Kansas, 31 U. S., 205; Passenger Cases, 12 U. S., 702; Chy Lung v. Freeman, 23 U. S., 238; Crandall v. Nev., 18 U. S., 475; Mobile Co. v. Kimball, 26 U. S., 238; Hall v. DeCuir, 24 U. S., 475; Wab. St. L. & P. R. R. Co. v. Ill., 30 U. S., 244; Stockton v. B. & N. R. R. Co., 32 Fed. Rep., 9; Western Union Tel. Co. v. Pendleton, 95 Ind., 12; Grafty v. Russville, 107, Ind., 52; Re Prian, 47 Fed. Rep., 208; State v. North, 27 Mo., 464; 2 Story Const. Ed., 1056; Cranfield v. Coryell, 4 Wash., cc., 371; Almy v. Cal., 16 U. S., 644; Woodruff v. Parham, 19 U. S., 382; Hinson v. Lott. 19 U. S., 382; R. R. Co. v. Richmond. 22 U. S., 176; Bartmeyer v. Iowa, 21 U. S., 929; Boston Beer Co. v. Mass., 24 U. S., 989; Powell v. Pa., 32 U. S., 253; Tenn. v. Scott, 36 L. R. A., 461; Carson v. Md., 30 U. S., 699; Asher v. Texas, 32 U. S., 369; McLaughlin v. South Bend, 10 L. R. A., 357; Singer Mfg. Co. v. Wright, 33 Fed. Rep., 121; Wrought Iron Range Co. v. Johnson, 8 L. R. A., 273; Re White, 43 Fed. Rep., 913; Re Nichols, 48 Fed.

Commonwealth v. Read Phosphate Co.

Rep., 164; McCall v. Cal., 34 U. S., 393; Leesy v. Hardin, 34 U. S., 132; Milan Milling Mfg. Co. v. Gorton, 26 L. R. A.; De Soup v. Mobile, 127 U. S., 640; Paul v. Va. bk. 19, U. S., 357; Osborne v. Mobile bk. 21, U. S., 470; Home Ins. Co. v. Morse, bk. 22, U. S., 365; Pichard v. Pullman S. Car Co. bk. 29, U. S., 785; N. O. Packet Co. v. James, 32 Fed. Rep., 21; Am. Starch Co. v. Batman; M. I. W. Cordage Co. v. Masher, 114 Mich., 164; Lyons, Thomas Hardware Co. v. Reading Hardware Co., 1 Tex.; C. A. P. Bateman v. W. S. Mill, 1 Tex.; Fuller, &c. v. Foster, Dak.; Wile & Brinkner Co. v. Onzel, 1 Pa. Des. Rep., 187; Ware. v. Hamilton Brown Shoe Co., 92 Ala., 145; Singer Co. v. Hardee, 4 N. M., 175; Cook v. Roe Brick Co., 98 Ala., 409; Baird v. Union & A. M. Pub. Co., 71 Ala., 60; Blackslee Mfg. Co. v. Hilton, 18 Pa. Rep., 553; Am. Broom Co. v. Add, 19 N. Y., 36; Mat. Knitting Co. v. Bonner, 20 N. Y., 125; Coit v. Sutton, 102 Mich., 324; Maxwell v. Edans, 65 Mo., 439; Davis v. Dix, 64 Fed. Rep., 406; Morgan v. White, 101 Ind., 413.

OPINION OF THE COURT BY JUDGE WHITE—REVERSING.

This is a penal action, brought by the Commonwealth of Kentucky against the appellee, Read Phosphate Company, a corporation organized in the State of West Virginia, seeking to recover the penalty imposed by statute for engaging in business in this State without filing in the office of the Secretary of State a statement, as required by section 571, Kentucky Statutes, giving the location of its office in this State, and the name of an officer or agent thereat upon whom process might be served; the petition averring that the appellee had engaged in business in this State without having filed such statement. Appellee, by answer, admitted that it was a corporation created by the laws of West Virginia; denied it had engaged in business in this State as alleged, or at all; and denied it had failed to file the statement required by law to be filed with the Secretary of State. In a separate paragraph the appellee pleaded facts which showed that it simply took orders for fertilizer by and through a traveling salesman, and that the fertilizer was shipped to

the purchaser direct from the company's wareroom in Nashville, Tenn.; the plea evidently being framed to show that, if appellee was at all engaged in business in this State, it was interstate commerce, and therefore could not be prohibited, or penalty imposed by the State for a failure to observe any regulation provided by our law. A reply denied the facts pleaded to show that appellee was engaged in interstate commerce. Upon the issues thus made a trial was had before a jury, and at the conclusion of all the evidence the court gave a peremptory instruction to find for appellee, which was done, and judgment entered accordingly, and to reverse that judgment this appeal is prosecuted.

We are informed by counsel in brief that the reason given by the court for directing a verdict for defendant was that the State had failed to prove that appellee had failed to file in the office of the Secretary of State a statement as required by law, and that the burden of proving this failure was on the State. From the bill of exceptions in this record it appears that there was no proof as to the filing or failure to file this statement by either party, and although the president of appellee company was sworn as a witness he was not asked about the statement, whether it had been filed or not. If this failure on the part of the appellant, plaintiff below, to prove a failure to file the statement, was the reason that moved the trial court to give the peremptory instruction, there was error. The rule has long been settled in this State that in indictments for retailing spirituous liquors without a license the case was made out when the sale and venue was shown, and that the accused must show a license, if such he has. In Haskill v. Com., 3 B. Mon., 342, decided in 1842, the court said: "The presentment or indictment presents at once the issue as to the license, and, if the person charged is not without it, he is immediately

relieved by its production.    Thus, to show himself within the exception by the production of the requisite evidence of the fact in his possession, subjects him to no hardship, and, as we think, most appropriately devolves upon him." This rule of evidence is generally accepted as the true one in this class of cases in many of the States.    See 5 Am. & Eng. Ency., Law (2d Ed.), p. 42.    Under this well-settled rule of evidence in this State the duty of showing a compliance with statute by filing any required statement rested on defendant, and recovery of the penalty may be had when it is shown that a foreign corporation has engaged in business in this State without a showing by the State that a statement had not been filed. If the peremptory instruction was predicated on the idea of a failure of proof as to whether appellee was engaged in business in this State, there was also error.    While we express no opinion on the evidence or facts proved, we are of opinion there was sufficient evidence to submit the case to the jury on the question as to whether or not it engaged in business in this State.

Counsel for appellee seriously contends that the statute requiring this statement to be filed is unconstitutional and void, being in contravention of the federal Constitution. The statute, (section 571) reads: "All corporations except foreign insurance companies formed under the laws of this or any other State and carrying on any business in this State, shall at all times have one or more known places of business in this State, and an authorized agent or agents thereat upon whom process can be served; and it shall be unlawful for any corporation to carry on any business in this State, until it shall have filed in the office of the Secretary of State a statement, signed by its president or secretary, giving the location of its office or offices in this State, and the name or names of its agent or agents thereat upon

whom process can be served; . . . and if any corporation fails to comply with the requirements of this section, such a corporation, and any agent or employe of such corporation, who shall transact, carry on or conduct any business in this State for it, shall be severally guilty of a misdemeanor, and fined not less than one hundred nor more than one thousand dollars for each offense." It will be noticed that the section applies alike to all corporations, domestic as well as foreign, except foreign insurance companies. There is no difference made between the domestic and foreign corporation. Both alike are required to file the statement, and the penalty is alike for a failure. The reason for the exception of foreign insurance companies is that those companies are required to designate the insurance commissioner in addition to their local agents as persons upon whom process may be served. It is now well settled that a State may impose any conditions it may desire on a foreign corporation upon permiting it to do business in the State. They may be excluded altogether. Waters-Pierce Oil Co. v. Texas, 177 U. S., 29, 20 Sup. Ct., 518, 44 L. Ed., 657; Hooper v. California, 155 U. S., 648, 15 Sup. Ct., 207, 39 L. Ed., 297; Insurance Co., v. Cravens, 178, U. S., 389, 20 Sup. Ct., 962, 44 L. Ed., 1116; Manufacturing Co. v. Ferguson, 113 U. S., 727, 5 Sup. Ct., 739, 28 L. Ed., 1137. The only exception to this rule is as to corporations, engaged in federal business or interstate commerce; and even as to corporations engaged ordinarily in interstate commerce the State may prohibit business by that corporation that is, wholly within the State—that is, intrastate commerce,—while at the same time it might engage in the interstate commerce. A State can not prohibit nor regulate by licenses or restrictions, except for public health, the bringing into the State from another any article

of commerce, but may prevent, license, or regulate its sale by a corporation after the article has been brought here. We are clearly of the opinion that the act in question is not in conflict with the Federal Constitution (Knoxville Nursery Co. v. Com., (108 Ky., 6), (24 R., 1483), (55 S. W., 691); Com. v Mobile & O. R. Co. 24 R., 784, 64 S. W., 451; Manufacturing Co. v. Ferguson, supra,) at least in so far as it regulates the conduct of business within this State by foreign corporations.

As to the question whether a corporation is engaged in business within this State or is engaged in interstate commerce, that depends entirely on the facts proven. If, from the facts proven, it be determined that a corporation has transacted, carried on, or conducted any business in this State, that corporation will be liable to the penalty if it has failed to file the statement required. However, if the corporation has transacted, carried on, or conducted only interstate commerce business it would not be liable, for such corporation is not subject to the statute. The question as to whether the business is one or the other is always one of fact to be determined by the proper tribunal. In view of another trial, we refrain from a discussion of the evidence in any way; wherefore we conclude that the trial court erred in giving a peremptory instruction to the jury to find for the defendant, but, on the contrary, should have submitted to the jury the issues presented under the proof introduced.

For the reasons indicated, the judgment is reversed, and cause remanded for a new trial, and for further proceedings consistent herewith.

Judge O'Rear's concurring opinion:

If the facts should show merely that appellee had, by its traveling salesman, or by means of postal or telegraph or telephone communication, sold merchandise, or its pro-

duct, to one in this State, and shipped the goods so sold, and collected the proceeds, it would not be subject to the penalties of our statute for failure to file the statement required by section 571, Kentucky Statutes. In my opinion, the State has not the right to regulate, by any requirement of our Legislature, the manner of carrying on such business as constitutes interstate commerce, nor to prescribe conditions to be complied with by those engaging in it before so engaging. Jurisdiction over that matter has been ceded by the States exclusively to the United States government. In this case there was evidence that appellee had set up at least a temporary place of business in this State, and carried on its business thereat. This would, if true, constitute intrastate commerce, which is subject to such regulation as the State may see fit to impose. While it is true that any State may regulate, by prescribing conditions, the entrance of a foreign corporation to do business therein, or even to exclude it, yet this is subject to the further statement that, if the foreign corporation is engaged in interstate commerce, and is not setting up a place of business in the objecting State, it is at liberty to engage in that business the same as if it were a natural person.