## Commonwealth v. Richey, et al.

(Decided October 4, 1916.)

## Appeal from Cumberland Circuit Court.

Criminal Law—Partnership—Assumed Name—Business.—A partnership composed of father and son, conducting a mercantile business under the firm name of R. & Son, is not carrying on business under an assumed name within the meaning of section 199b, subsections 1 and 4, Kentucky Statutes.

M. M. LOGAN, Attorney General, and D. O. MYATT, Assistant Attorney General, for appellant.

P. SANDIDGE and P. R. HICKS for appellees.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

The object of the Commonwealth in prosecuting this appeal is to obtain this court's construction of section 199b, Kentucky Statutes. The only provisions of the act necessary to be considered are contained in subsections 1 and 4, which are as follows:

"1. No person or persons shall hereafter carry on or conduct or transact business in this State under an assumed name, or under any designation, name or style, corporate or otherwise, other than the real name or names of the individuals or individual conducting or transacting such business, unless such person or persons shall file in the office of the clerk of the county or counties in which such person or persons conduct or transact or intend to conduct or transact such business, a certificate setting forth the name under which said business is, or is to be, conducted or transacted, and the true or real full name or names of the person or persons owning, conducting or transacting the same, with the postoffice address or addresses of said person or persons. Said certificate shall be executed and duly acknowledged by the person or persons so conducting, or intending to conduct, said business.

"4. This act shall in no way affect or apply to any corporation duly organized under the laws of this State, or any corporation organized under the law of any other State and lawfully doing business in this State, nor shall this act be deemed or construed to prevent the lawful use of a partnership name or designation, provided that

such partnership name or designation shall include the true real name of at least one of such persons transacting business.''

It appears from the record before us that the appellees, J. H. Richey and F. O. Richey, his son, have been for several years past and are now partners engaged in the mercantile business in Burkesville, Cumberland county, this State, under the style and firm name of ''Richey & Son.'' The father and son alone compose the partnership and are the only persons owning an interest in the business conducted by them. In April of the present year they were both arrested under a warrant issued by the judge of the Cumberland county court, which, in substance, charged them with the offense of conducting their mercantile business under an assumed name, style or designation, without first having filed, as required by the statute, *supra,* in the office of the clerk of the Cumberland county court, a statement setting out fully the name or style under which their business is conducted and the true or real full name or names of the person or persons owning or conducting it, with the postoffice address of such person or persons.

The trial of appellees under the warrant occurred in the Cumberland quarterly court and before the county judge, to whom the case was submitted upon a demurrer filed by appellees to the warrant and an agreed statement showing all the facts as to themselves, their business, and in what name the business is conducted, as stated above; and, in addition, an admission by appellees that they had never filed in the office of the county court clerk the written statement which the warrant alleged to be necessary and required by the statute in question. By the judgment rendered, the quarterly court overruled appellees' demurrer to the warrant, declared them guilty of the offense charged therein, and imposed upon each of them a fine of $25.00. Appellees took an appeal from that judgment to the Cumberland circuit court, in which court a trial by jury was waived and the case again submitted to the court upon the demurrer to the warrant and the same agreed facts. The trial resulted in a judgment sustaining the demurrer and dismissing the warrant. From that judgment the Commonwealth, as previously stated, has appealed.

It will be observed that the offense defined by this statute is the carrying on, conducting or transacting busi-

ness under an assumed name, or under any designation, name or style, corporate or otherwise, other than the real name or names of the individual or individuals conducting the business, without first having filed in the office of the county court clerk of the county in which the business is conducted a certificate setting forth the name under which the business is to be conducted and the true or real full name or names of the person or persons owning or conducting the business and their postoffice address. Obviously, the object of the statute is to fix the identity of the person or persons owning and conducting the business, that the public doing business with them may know with whom they are dealing and become advised as to their financial ability and commercial standing. The question here presented is, whether J. H. Richey and F. O. Richey, father and son, by engaging in business as partners under the firm name of Richey & Son, without filing in the county clerk's office the certificate referred to, are violating the provisions of the statute.

To sustain a prosecution against a partnership for a violation of the statute, it must be established that they are conducting the business under an assumed name. That fact is not made to appear from the record in this case. No part of this firm name is assumed or fictitious. The name Richey is the real or true name of each of the members composing it. In adopting the style "Richey & Son" as a firm name, appellees gave the world notice that the firm is composed of two persons each of the name of Richey, as certainly as if the firm name were Richey & Richey, and the style Richey & Son indicates that there are but two members of the partnership, the first being the father and the last his son. There is not shown to be any other Richey & Son engaged in the mercantile business at Burkesville; therefore the surname Richey, followed by the words "& Son," as fully establish the identity of the partners composing the firm as would the words "Richey & Richey" and the addition of the initials of the Christian name of each of them.

Subsection 4 of the statute expressly exempts from its operation any partnership name or designation that includes the true real name of at least one of the persons constituting the firm and conducting the business. So if, as well argued by counsel for appellees, the firm were

composed of J. H. Richey, W. C. Smith and O. C. Jones, and they were doing business under the firm name of Richey Mercantile Co. such a designation would exempt the firm from the operation of the statute. The surname Richey here used is equally applicable to each member of the firm and as fully identifies the personnel of the partnership as if the Christian name of each of the partners was also given.

Although the question here involved has never been before this court for decision, it has been passed on in numerous other jurisdictions, in construing similar and in some instances identical statutes. Thus, in Pendleton v. Kline, 85 Cal 442, it was held that a firm name showing the surnames only of the partners is not ''a fictitious name nor a designation not showing the names of the partners.'' In Guiterman v. Wishon, 21 Mont. 458, it was held that where the surname of all the members of the firm is Guiterman, the firm name of Guiterman Brothers is not a fictitious name, nor one not showing the names of the partners within the meaning of section 32a, Civil Code, of that state. In Cassel v. Graham, 87 N. Y. App. Div. 97, it was held that the name ''Cassel Brothers'' is not an ''assumed name'' nor one ''other than the real name or names of the individual or individuals conducting or transacting the firm business,'' and to the same effect is the opinion in Czatt v. Case, 61 Ohio St. 392. Our attention has been called to no case which can be said to conflict with those referred to.

In the light of the above authorities it is our conclusion that the statute in question was correctly construed by the circuit court. Therefore its judgment dismissing the prosecution and discharging appellees is affirmed, and this opinion is certified to that court as the law of the case.