## Commonwealth v. Siler, et al.

(Decided October 2, 1917.)

### Appeal from Whitley Circuit Court.

1. Partnership—The Firm, Name, Powers and Property.—A partnership designation showing the surname of the partners is not an assumed or fictitious name such as to require the names of the partners with their postoffice address and place of business to be filed with the office of the clerk of the county in which the firm does business, as is provided by Section 199b of the Kentucky Statutes, and if the firm name contains the surname of one of the partners the statute does not apply so as to require the filing of the certificate therein provided. (Sub-section 4, Section 199b, Kentucky Statutes).

2. Partnership—The Firm, Name, Powers and Property.—The style of the firm was Mahan & Company, its members being J. P. Mahan and W. B. Siler. Held, that under the provisious of Sub-section 4 of Section 199b of the Kentucky Statutes, the members of the firm could not be prosecuted for failing to file the certificate with the county court clerk as provided in Sub-section 1 of the section.

M. M. LOGAN, Attorney General, J. B. SNYDER and B. B. SNYDER for appellant.

SILER & GATLIFF and STEPHENS & STEELY for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellees, W. B. Siler and J. P. Mahan, are partners transacting business in Williamsburg, Kentucky, under the firm name of Mahan & Company. They were indicted by the grand jury of Whitley county for failing to file in the office of the county court clerk of the county in which the business was being transacted a certificate giving the name or designation of the firm and the names of the members, as well as their postoffice addresses, as is required by sub-section 1 of section 199b of the Kentucky Statutes. A demurrer having been sustained to the indictment, it was dismissed, and to reverse that judgment the Commonwealth prosecutes this appeal.

The sub-section referred to is: "No person or persons shall hereafter carry on or conduct or transact business in this state under an assumed name, or under any designation, name or style, corporate or otherwise, other than the real name or names of the individual or individuals conducting or transacting such business, unless such person or persons shall file in the office of the clerk of the county or counties in which such person or persons conduct or transact or intend to conduct or transact such business, a certificate setting forth the name under which said business is, or is to be, conducted or transacted, and the true or real full name or names of the person or persons, owning, conducting or transacting the same, with the postoffice address or addresses of said person or persons. Said certificate shall be executed and duly acknowledged by the person or persons so conducting, or intending to conduct, said business."

Statutes similar to ours have been enacted in many of the states, and it has been uniformly held by the courts of those states that the requirement that the real name or names of the individuals composing the partnership shall appear in the firm name, is complied with when the surnames of the partners, only, are used in the name adopted by the firm. McLean v. Crowe, 88 Cal. 644; Carlock v. Cagnacci, idem. 600; Pendleton v. Cline, 85 Cal. 142; Guiterman v. Wishon, 21 Mont. 458; Cassel v. Graham, 87 N. Y. App. Div. 97; Czatt v. Case, 61 Ohio State 392; Zimmerman v. Erhard, 83 N. Y. 74; Patterson v. Byers, 17 Okla. 633, 10 Ann. Cas 810, and the recent case from this court of Commonwealth v. Richey, 171 Ky., 330.

In the case of Pendleton v. Cline, decided by the California Supreme Court, the style of the firm was Pendleton & Williams, and the members of the firm were C. W. Pendleton and W. J. Williams. They had not complied with the statute of that state similar to ours, requiring "Every partnership transacting business in this state under a fictitious name or a designation not showing the names of the persons interested as partners in such business, must file with the clerk of the county in which its principal place of business is situated a certificate stating the names in full of all the members of such partnership," etc.

The court, however, held that the use of the surnames of the partners in the partnership name was a sufficient compliance with the statute, saying:

"The reason of the provision, doubtless, was to enable persons dealing with the firm to know whom to hold responsible—whom to proceed against. And for all practical purposes this reason is satisfied by information as to the surnames of the partners. . . . The opposite construction is not required by the language, and would put an unnecessary clog upon business transactions."

In the Patterson case from Oklahoma the style of the firm was Patterson Furniture Company, the members being W. K. Patterson and N. H. Patterson. Following the California court, it was held that the firm name was neither a fictitious nor an assumed one, the court, after referring to other cases, including the one of Guiterman v. Wishon, from Montana, said: "Now, applying this case to the case at bar, it seems to us that the surname of the partners composing the partnership is as clearly set forth in the title 'Patterson Furniture Company' as it would be in the title of the case before the Montana Supreme Court, to-wit, 'Guiterman Brothers.'"

The same rule of interpretation is adhered to in the other cases referred to from foreign jurisdictions.

In the Richey case, from this court, the members of the firm were J. H. Richey and F. O. Richey, the partnership name being Richey & Son. After stating the facts, and discussing them, the conclusion is reached that "the surname Richey, followed by the words '& Son,' as fully established the identity of the partners composing the firm as would the words 'Richey & Richey,' and the addition of the initials of the christian name of each of them."

The law, as gathered from these authorities, is that the purpose of the statute was to afford those dealing with a partnership an opportunity to ascertain the names of the persons with whom they were dealing, and that such opportunity is furnished when the surnames of the partnership appear in the firm name. The firm name in the instant case, however, contains only the surname of one of the partners, whilst in the cases referred to either the surnames of all the partners were contained in the partnership name, or were inferable therefrom, as Guiterman Brothers would indicate that all the partners were named Guiterman, and Richey & Son would show that the surname of both partners was Richey. If our statute consisted of only sub-section 1, above quoted, and sub-section 5, fixing the penalty for its violation, it might be questioned if the designation in the present case would comply with the statute under the rule as announced in the cases referred to, inasmuch as the surname Siler, who is the other member of the firm with Mahan, does not appear in the firm name of Mahan & Company. But sub-section 4 of the same section excludes from the operation of the statute "the lawful use of the partnership name or designation, provided that such partnership name or designation shall include the true, real name of at least one of such persons transacting business." The use of the surname of the partners in the partnership designation, as we have seen, is a compliance with the requirement that the true and real name of the partners shall be stated. It, therefore, follows that the surname Mahan in the partnership designation of Mahan & Company fully complies with the requirement of sub-section 4 and relieves the firm from the operation of the statute.

If it should be thought that this interpretation practically annuls the purpose of the legislature in enacting the law we would not be disposed to deny it, but we can console ourselves with the reflection that the court is not guilty of producing such result, for it is the excluding provisions of sub-section 4 which curtail the scope and restrict the usefulness of the requirements of sub-section 1 of the section.

The court properly sustained the demurrer to the indictment and dismissing it, and the judgment is affirmed.