## Warren Oil & Gas Company v. Gardner, et al.

(Decided May 27, 1919.)

### Appeal from Allen Circuit Court.

1. Partnership—Creation and Requisites.—A partnership can not engage in business under a fictitious name until it has filed in the office of the clerk of the county court of the county, or counties, wherein it proposes to do business, the certificate required by section 199b, Kentucky Statutes.

2. Partnership—Fictitious Name—Contract Obtained by.—A contract obtained by a partnership operating under a fictitious name, which has not filed in the county wherein the contract is made, the certificate required by section 199b, Kentucky Statutes, is voidable at the option of the innocent party but not void.

3. New Trial—Vacation of Judgment—Pleading.—After a judgment by default has been entered, a claimant of property affected by

the judgment, in order to be entitled to a vacation of the judgment and a new trial, must not only present a justification by affidavit for his delay in filing his plea, but must present a pleading which, if true, would entitle him to the relief sought.

W. B. GAINES and SIMS, RODES & SIMS for appellant.

NOEL T. HARPER for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

A partnership was formed in 1917, by J. Dan Stark and Scott Isabel, both of Bowling Green, Warren county, Kentucky, under the firm name of Kentucky-Indiana-Tennessee Oil & Gas Company, for the purpose of engaging in the business of buying and selling oil and gas leases, and they filed in the office of the clerk of the Warren county court the certificate required by section 199b Kentucky Statutes, regarding the employment of a fictitious name in business in this state. After transacting some business in Warren county the partnership, through Stark, went into Allen county and acquired two oil and gas leases from land owners, one being the lease in controversy, executed by W. T. Gardner and wife to the Kentucky-Indiana-Tennessee Oil & Gas Company, and bearing date October 31, 1917, consideration, $25.00 and reservation of royalties to continue for a term of three years. Stark issued and delivered to Gardner a check on a Bowling Green bank for $25.00 in payment of the bonus on the lease, but this check was returned unpaid through some mistake of the bank, whereupon Stark tendered Gardner $25.00 in cash which Gardner refused and instituted this action in the Allen circuit court to have the lease contract adjudged null and void, cancelled and held for naught on the grounds (1) that it was executed without consideration; (2) fraud and misrepresentation on the part of the grantee and its agents in obtaining the lease; (3) the lease contract was void because the partnership Kentucky-Indiana-Tennessee Oil & Gas Company had not complied with section 199b Kentucky Statutes by filing the required certificate in the office of the clerk of the Allen county court, and was not authorized to do business in said county. Process was first issued only to Warren county for defendants, and when returned executed was quashed on motion of defendants. In the meantime summons was issued to Allen county and executed upon Stark and Isabel in that county the re-

quisite time before the convening of the April term, 1918, of the Allen circuit court, and on the 5th day of that term of court the defendants having failed to answer or make defense, the cause was submitted, and on the 6th day of the term, which was the 20th day of April, judgment was entered adjudging the lease null and void for the reason set out in the petition, and in accordance with the prayer thereof. Within a very few days thereafter and at the same term of court, defendants moved to set aside the submission and judgment for two reasons: (1) because a motion was pending to quash process, (2) the lease had been transferred to the Warren Oil & Gas Company. The first ground was without merit because the motion to quash had been disposed of several days before. The second ground presents a more serious question. A one-half undivided interest in the lease had been transferred by the partnership to the Warren Oil & Gas Company some ten days before the commencement of this action, but not recorded until some months later. Each of these grounds was set forth both in the motion of defendants and in the petition to be made party, answer and counterclaim of Warren Oil & Gas Company, which was offered by it at the same time the motion was entered, asking the judgment to be set aside. By the petition, answer and counterclaim of the Warren Oil & Gas Company, it is admitted that the certificate required by section 199b, Kentucky Statutes, was not filed by the Kentucky-Indiana-Tennessee Oil & Gas Company in the office of the clerk of the Allen county court, but it is alleged "that it did not intend and has not transacted any business in Allen county, except to take the lease in controversy and one other lease, intending before they should do any further business in Allen county to file said statement, but having parted with all interest in said lease on November 13, 1917, two weeks after acquiring same, they did not file said statement in Allen county." This pleading also contained a traverse of certain averments of the petition, and affirmatively alleged that the Warren Oil & Gas Company was at all times a duly incorporated company. The court declined to file the petition to be made a party of the Warren Oil & Gas Company, and the special demurrer and motion of the defendants, Stark and Isabel, were likewise rejected, but all these pleadings were made part of the record. The motion to set aside the judgment was overruled, to which

exception was saved, and the Warren Oil & Gas Company appeals.

The grounds argued for reversal of the judgment are (1) the court erred in rejecting the petition to be made party offered by appellant Warren Oil & Gas Company, because that company being the owner of a one-half undivided interest in the lease in controversy with title óf record before the issual of summons to Allen county, was entitled to be heard before the lease was cancelled. (2) A partnership operating under a fictitious name which has filed the required certificate in the county in which it is formed, and where the partners reside, may do business in another county without filing such certificate there, and the trial court committed prejudicial error in holding otherwise.

(1) The Warren Oil & Gas Company is in exactly the same position with reference to the lease that the partnership Kentucky-Indiana-Tennessee Oil & Gas Company occupied, for it acquired its interest in the lease from the partnership and was charged with knowledge that the concern was a partnership and was operating under a fictitious name. It is also presumed to be and to have been acquainted with the requirements of section 199b, Kentucky Statutes, and with the law that a failure of a partnership to comply with its provisions would render its contracts unenforceable. The records of the clerk's office of the Warren county court gave it constructive notice of the partnership and the records of Allen county, the county where the leased lands lay and the lease was executed, revealed the fact that the necessary certificate had not been filed. Most of these facts are admitted by the answer and we do not think the answer, when considered as a whole, states an affirmative defense. This being true, it was not error for the trial court to decline to allow the pleading to be filed, and to set aside the judgment. The rule is that one who asks such relief must present a defense which, if true, will prevail, and until such pleading is presented the court would not be justified in granting a rehearing, or in setting aside a submission and judgment.

(2) The statute requiring the filing of a certificate by one or more persons desiring to do business under an assumed name is as follows:

"No person or persons shall hereafter carry on or conduct or transact business in this state under an as-

sumed name, or under any designation, name or style, corporate or otherwise, than the real name or names of the individual or individuals conducting or transacting such business, unless such person or persons shall file in the office of the clerk of the county or counties in which such person or persons conduct or transact or intend to conduct or transact such business, a certificate setting forth the name under which said business is, or is to be, conducted or transacted, and the true or real full name or names of the person or persons owning, conducting or transacting the same, with the post office address or addresses of said person or persons. Said certificate shall be executed and duly acknowledged by the person or persons so conducting, or intending to conduct, said business.''

This court has repeatedly held that a failure to comply with this and similar statutes renders the contracts of the one under such duty unenforceable as to it.

In one case a partnership operating under the fictitious name ''Big Four Auto Company,'' sued to recover on two notes for $284.00, executed to it in the course of its business, and it was held that as the partnership had failed to comply with section 199b, its contract was unenforceable, and it was denied a recovery. Hunter v. Big Four Auto Company, 162 Ky. 778, 173 S. W. 120.

A foreign corporation failing to comply with section 571, Kentucky Statutes, requiring the filing of a statement with the Secretary of State, giving the name of an agent upon whom process may be served, cannot maintain an action to recover on its contracts made in this state. Fruin-Colnon Constructing Co. v. Chatterson, 146 Ky. 504; Oliver Company v. Louisville Realty Co., 156 Ky. 628; Bondurant v. Dahnke-Walker Company, 175 Ky. 774; Haves v. West Virginia Oil & Gas & By-Products Co., 183 Ky. 624.

The section under consideration has been considered and construed in the following cases: Somerset Stave & Lumber Company v. Brown, 173 Ky. 194; Commonwealth v. Ritchey, et al., 171 Ky. 330; Commonwealth v. Bassett, 171 Ky. 385; First National Bank of Central City v. Utterback, 177 Ky. 76; Commonwealth v. Siler, et al., 176 Ky. 802.

But this case is the reverse of those cited, for here it is the person who contracted with the partnership

operating under the fictitious name that is seeking to void the contract. If it were the partnership here attempting to enforce the contract we would only follow the above cases and hold it without power to maintain its action on the contract; that the contract was, as to the partnership, unenforceable, but here the parties are transposed. Such contracts are not void but only voidable at the option of the party not in default. As to the party in fault, the contract is unenforceable, but enforceable by the party not in fault, and he may have specific performance or cancellation at his option if he present a state of case warranting such relief. It follows, therefore, that the lease contract was unenforceable as to the Kentucky-Indiana-Tennessee Oil & Gas Company, and its assigns, but valid and enforceable as to appellee Gardner, who was not in fault. In other words, the contract was voidable but not void.

It is not enough that the certificate required by sect. 199b, Kentucky Statutes, is filed in the office of the clerk of the county where the partnership is formed, and where the partners reside, but it must be filed with such "county or counties is which such person or persons conduct or transact, or intend to conduct or transact such business," and the partnership doing business under a fictitious name is without power to enforce its contract made in a county in which it has failed to comply with the statute. The object of the statute is to enable the public as well as those who deal with the concern, to ascertain definitely who is the real person or persons behind the business in case litigation arises. The statute is a part of the public policy of the state and was intended to protect and safeguard the rights of citizens. If, however, the statute required the certificate to be filed only in the county of the residence of the partners, it would serve little or no purpose in many cases, and could be employed so as to hide rather than disclose the facts.

We conclude, therefore, that the petition to be made party, answer and counterclaim did not present a defense and the trial court very properly declined to allow it to be filed and to set aside the judgment. It, therefore, becomes unnecessary to consider the other contentions made.

Judgment affirmed.