# Louisville Planing Mill Company v. Weir Sheet Iron Works.

(Decided May 25, 1923.)

Appeal from Jefferson Circuit Court.
(Common Pleas, Second Division).

1. Partnership—Business Operated by Sole Proprietor is Not "Partnership," Within Statute Requiring Filing of Certificate.—A business conducted by a sole proprietor under a firm name is not a partnership, within the provisions of Ky. Stats., section 199b, subsection 4, requiring the filing of certificate as to the assumed name under which a business is conducted, since a partnership is a contract of two or more competent persons to place their property, labor, or skill in lawful commerce or business, and to divide the profits and bear the loss in certain proportions, and at least two parties are necessary to a partnership.

2. Partnership—Name Including Surname of Sole Owner Not Fictitious Name and Does Not Require Certificate to be Filed.—A name under which business was carried on which included the surname of the sole proprietor of the business, was not an assumed or fictitious name, so as to prevent the enforcement of contracts be-

cause no certificate of the names of the parties engaged in the business had been filed, as required by Ky. Stats., section 199b.

3. Partnership—Name of "Proprietor" of Business Indicates Control and Management Thereof—"Owner."—A statement following the name under which plaintiff carried on his business that he was sole proprietor thereof indicates that the business was under his control, management, and direction since a proprietor in a legal sense is one who has the legal right or exclusive title to anything, and in many instances is synonymous with "owner," and the common understanding of the word is fully as comprehensive as the legal definition.

ARTHUR M. RUTLEDGE for appellant.

WILLIAM A. EARL for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—
Affirming.

The appellant planing mill company employed appellee Weir, operating under the name of Weir Sheet Iron Works, to erect certain sheet iron pipes in and about its mill, agreeing to pay therefor $40.00 per day for said services. Appellee Weir with his helpers performed the services and erected the pipes, but it took him a longer time than appellant milling company anticipated, and longer that it avers in its answer appellee Weir assured the company it would take to accomplish the work. For this reason the planing mill company, to whom appellee presented his bill for $855.00, declined to pay for the services, and Weir, suing as "W. L. Weir, trading and doing business under the style and firm name of Weir Sheet Iron Works, R. L. Weir, proprietor," commenced this action against the plaintiff milling company to recover said sum. As defense the planing mill company pleaded in the third paragraph of its answer that at the time of the making of the contract and the doing of the work by Weir, on or about February 1, 1920, Weir was carrying on and conducting and transacting a business in this state under an assumed name, to-wit, under the name of "Weir Sheet Iron Works," and that said contract was made under the said assumed name and was carried out by Weir while acting under said assumed name, and that Weir had not filed in the office of the clerk of the Jefferson county court, in which county his business was conducted, a certificate setting forth the name under which said business was or was then being conducted or transacted by him, to-

gether with his full name as the name of the person owning and conducting such business, and his postoffice address, as is required by section 199b of Kentucky Statutes; that by reason of Weir failing to so file such a certificate he was not legally entitled at the time of the making of such contract to make same or to conduct, transact or carry on any business as or under the name of the Weir Sheet Iron Works, and that said contract sued on is illegal and unenforceable. The trial court sustained the general demurrer to this paragraph of the answer, to which ruling of the court appellant excepted. A jury trial resulted in a verdict in favor of appellee Weir for the sum of $855.00, the amount claimed in his petition. Judgment being entered in accordance with the verdict, the planing mill company appeals.

Its sole insistence is that the court erred in sustaining a general demurrer to the third paragraph of its answer, relying upon the provision of section 199b, Kentucky Statutes, which requires a person or persons about to begin to carry on a business in this state under an assumed name or designation "to file in the office of the clerk of the county court of the county in which the business, or any part thereof, is to be conducted, a certificate setting forth the name under which the business is, or is to be conducted, or transacted, and the true and real full name or names of the person or persons owning, conducting and transacting the same, with the postoffice address or addresses of said person or persons." The petition avers that plaintiff Weir was trading and doing business under the style and firm name of Weir Sheet Iron Works, R. L. Weir, proprietor." But the third paragraph of the answer, to which the demurrer was sustained, avers that Weir was conducting his business under the assumed name "Weir Sheet Iron Works," and sets forth facts showing it was not a partnership. Bouvier defines a partnership as a contract of two or more competent persons to place their money, effects, labor, skill, or some or all of them, in lawful commerce or business, and to divide the profits and bear the losses in certain proportions. To a partnership two parties are necessary. As appellee Weir was the sole owner of the "Weir Sheet Iron Works" it was not a partnership. It does not, therefore come under the provisions of subsection 4 of section 199b, Kentucky Statutes.

In construing this section of the statutes and its several subsections, we have held in the case of Hunter

v. The Big Four Auto Co., 162 Ky. 778, that a partnership
which carried on a business under an assumed name,
without complying with section 199b, Kentucky Statutes,
was without power to enforce by action the collection of
notes taken to it in its assumed name; but we held in the
case of Commonwealth v. Siler, 176 Ky. 802, that a part-
nership composed of W. B. Siler and J. B. Mahan, operat-
ing under the firm name and style "Mahan & Company,"
was not required to file a certificate in the office of the
clerk of the county court, being exempt from this duty by
subsection 4 of section 199b, where it is provided that the
act shall not affect partnerships employing a name or
designation which includes the true, real name of at least
one of such persons transacting business. To the same
effect is the case of the Commonwealth v. Richey, 171 Ky.
330. See also Warren Oil & Gas Co. v. Gardner, 184 Ky.
411. The evident purpose of the act was to afford persons
dealing with concerns operating under assumed names
a definite, reliable and certain way of ascertaining the
true names of the persons connected with such firm. We
have so held in some of the cases above cited. This be-
ing the reason, and this court having reached the conclus-
ion that a partnership styled "Mahan & Company," and
another styled "Richey & Son," which contained the sur-
name of at least one of the partners, were sufficiently defi-
nite and certain to dispense with the necessity of filing
the certificate required by the said section of the statutes,
we can see no sound reason why the appellee Weir, oper-
ating under the firm name and style "Weir Sheet Iron
Works," should be required to file a certificate before do-
ing business under that name. Weir was the true name of
the appellee, and when attached to the balance of the
name assumed for business purposes it read: "Weir
Sheet Iron Works," and thus gave to the public the infor-
mation that Weir was connected with and operating the
sheet iron works. This is certainly as definite and certain
as the title "Richey & Son," a mercantile establishment,
or "Mahan & Company," retailers, in each of which ac-
tions we decided that the surname of one of the members
of the firm being incorporated in the name assumed for
trading purposes was sufficient. Moreover, it appears
that Weir made his trade title even more definite, for
when read as a whole it is "Weir Sheet Iron Works, R. L.
Weir, proprietor." "A proprietor is one . . . who has the
legal right or exclusive title to anything," says Bouvier.

"In many instances it is synonymous with owner." The common understanding of the word "proprietor" is fully as comprehensive as the legal definition, and it is hardly to be presumed that any one with a reasonable knowledge of the English language could have failed to understand that the "Weir Sheet Iron Works," of which R. L. Weir is proprietor, was not under the control, management and direction of R. L. Weir. At any rate, to be consistent with the holdings in the cases of the Commonwealth v. Siler, *supra*, and the Commonwealth v. Richey, *supra*, we must conclude that the style "Weir Sheet Iron Works" was sufficiently definite and certain to exempt the proprietor, R. L. Weir, from the necessity of filing a certificate required by section 199b, Kentucky Statutes.

It follows, therefore, that the trial court did not err in sustaining a demurrer to the third paragraph of the answer of defendant. No other error being seriously relied upon, the judgment is affirmed.

Judgment affirmed.