## Louisville Planing Mill Company v. Liberty Blow Pipe Works.

(Decided January 29, 1924.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, Fourth Division).

1. Contracts—Extra Expenses Caused to One Party in Performing by Directions of Other as to Methods Held Not Recoverable.— Where plaintiff agreed to erect and install a blowpipe system, and the contract was subsequently modified by agreement requiring defendant to hoist the pipes where they passed over a roadway, the defendant was not entitled to credit for additional expense brought about by plaintiff's directing the men who were hoisting the pipe to do it in a particular way; neither the defendant nor its agents being obliged to follow plaintiff's directions or advice.

2. Names—Certificate of One Doing Business Under Assumed Name Held Sufficient.—There was a sufficient compliance with Ky. Stats., section 199b, subsection 1, requiring one doing business under an assumed name to file a certificate in the county clerk's office, where Anthony J. S., doing business as the L. B. P. Works, filed an affidavit stating he was the owner of such business and signing it "T. J. S.," it appearing that he was known and called "Tony" and "T. J. S."

ARTHUR M. RUTLEDGE for appellant.

JOSEPH SOLINGER for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—
Affirming.

Appellant is a corporation, while appellee, Anthony J. Steffan, is an individual doing business under the firm name and style of Liberty Blow Pipe Works.

In August, 1919, the parties entered into a written contract whereby appellee was to erect and install for appellant at its manufacturing plant, a blow pipe system whereby refuse from its planing mill plant might be conveyed through the blow pipes to the power plant by which the power is supplied for its operation, and there be consumed as fuel. Appellant's planing mill is located on one side of a street, while on the other side is located another manufacturing establishment operated in connection with it, and in which latter plant the power plant is located which furnishes power for each of the corporations. The blow pipes were therefore to be erected on an elevated scaffolding running overhead across the street to the other manufacturing plant, where it was to be connected with the power plant there located.

The contract was definite and specific as to the material to be furnished and the work done, and definitely fixed the compensation therefor. The blow pipes were erected and completed, and put in operation about the first of May, 1920, but remained in operation for only three weeks, at which time the same fell and were seriously injured and damaged.

This is an action by Steffan for a balance of $112.00 on the original contract price, and for $1,093.00 for materials furnished and labor done in repairing and fixing the same after it fell.

The defense in substance is that defendant should not be charged with or bear the expense of repairing or replacing the blow pipe system after it fell, because of the alleged fact that plaintiff's work thereon in the first place was negligently and defectively done, and the material furnished therefor was defective and insufficient for the purpose intended. By way of counterclaim the defendant alleges that by agreement of the parties, and after the original contract was made, defendant was to relieve the plaintiff of so much of his contract as required him to hoist and erect the pipes into position, and defendant agreed and undertok to perform that work and did so, by reason of which it was entitled to a reasonable deduction amounting to $250.00 therefor. A further item of

counterclaim is that after the pipes fell from the position in which they had been placed defendant furnished to plaintiff certain material and labor for the purpose of erecting scaffoldings to put the pipes in place again, amounting to $279.80.

A further item of counterclaim is based upon the allegation that under the modification of the original contract when defendant undertook to hoist and erect the large pipes into position, the plaintiff being present at the time, directed the men engaged in the work how to pull up and hoist into position one of the sections of pipe, and that in so doing the same broke and fell to the ground, and the additional work and labor required for replacing it was $55.00.

The issues were clearly made in the pleadings on all of these items, and there is no complaint whatever of the instructions given. The evidence was very conflicting as to some of these items, and as to the cause of the failing of the blow pipes. It was the theory of the plaintiff that the same fell because of defendant's negligence and carelessness in failing to keep tightened, and to permit to sag, a wire rope connected with the blow pipes, while it was the contention of the defendant that the material furnished and the workmanship were defective, and that was the cause of the collapse. The instructions, however, carefully and accurately submitted these issues to the jury, and their verdict was for the plaintiff for about $1,000.00. It cannot be said that the verdict is flagrantly against the evidence, and it must therefore stand unless there was some error of law.

The only objection to the instructions is that the court refused to instruct on the $55.00 item mentioned. This item is expense alleged to have been brought about because of plaintiff's directing the men who were hoisting the pipe for the defendant to do so in a particular way, and because his said direction or advice was taken the same fell and necessitated that amount of expense in lowering and rehoisting the pipe. According to defendant's own pleading the original contract was so modified by agreement as required it to do this hoisting, and according to the evidence, it was at the time being done by its agents and servants, and under their direction. If therefore the plaintiff was present and directed or suggested the manner of doing the work, there was nothing obligatory upon the defendant or its agents in following or accepting such direction or advice. Admittedly the

defendant was doing this work, and if in the doing of same expense was incurred by reason of the mode or plan adopted, it matters not at whose suggestion or direction that mode or plan was followed. The responsibility was defendant's and it was not incumbent upon it or its agents to follow the plan or accept the advice of any one in the manner of doing the work.

The court properly declined to instruct on it.

The remaining defense is that defendant cannot maintain this action for the reason he was doing business under an assumed name, and had failed to file in the county clerk's office the certificate required by subsection 1 of section 199b-1, Ky. Stats. That subsection reads as follows:

"No person or persons shall hereafter carry on or conduct or transact business in this state under an assumed name, or under any designation, name or style, corporate or otherwise, other than the real name or names of the individual or individuals conducting or transacting such business, unless such person or persons shall file in the office of the clerk of the county or counties in which such person or persons conduct or transact or intend to conduct or transact such business, a certificate setting forth the name under which said business is, or is to be, conducted or transacted, and the true or real full name or names of the person or persons owning, conducting or transacting the same, with the post office address or addresses of said person or persons. Said certificate shall be executed and duly acknowledged by the person or persons so conducting, or intending to conduct, said business."

The facts are that appellee's correct name is Anthony J. Steffan, and that he is doing business as the Liberty Blow Pipe Works; that some time before the transactions here involved he filed in the county court clerk's office of Jefferson county his affidavit stating that he was the owner and proprietor of the Liberty Blow Pipe Works, giving its location in the city of Louisville, and giving his own address, but this affidavit was signed "T. J. Steffan."

The evidence discloses that his given name "Anthony" has been by custom abbreviated into "Tony," and that he is known as and called "Tony J. Steffan"

and "T. J. Steffan," although his correct name is Anthony J. Steffan; that he sometimes signs his name as T. J. Steffan, as he did in that affidavit, and as this record shows he did in some of his early pleadings in this case.

Appellant is asserting in this action that there has been no compliance with the statutory provision quoted, and that therefore plaintiff cannot maintain this action.

This is not a case of a total failure to comply with the statute in question by one who is doing business under a trade name. It is a case where one, because of a customary abbreviation of his name has gotten to be known by his friends and associates as "Tony" instead of "Anthony," and out of that custom has grown another custom of signing his name as "T. J." instead of "A. J." Steffan.

The primary purpose of the statutory provision was to enable persons dealing with other persons under trade or assumed names to know or be able to ascertain the name or names of the persons with whom they were dealing (Com. v. Siler, 176 Ky. 802), and keeping in mind this purpose may it be said with any degree of fairness that one dealing with or desiring to deal with the Liberty Blow Pipe Works might not have gone to the record and found out that T. J. Steffan was the owner and conductor of that business, and may he not by even a casual inquiry have ascertained that T. J. Steffan was no other than A. J. or Tony Steffan, and that they were each and all one and the same individual?

After all, the fundamental purpose of the enactment was to enable one to identify the individual who was the owner of the business with which he proposed to deal, to the end that he might exercise his judgment in determining whether he was dealing with a responsible person. If, therefore, one going to the record finds that T. J. Steffan is the owner of a business conducted under another name, and may by casual inquiry ascertain that T. J., Tony and A. J. Steffan are one and the same person, has not the notice that T. J. Steffan is conducting such business given the same information as if it had given his correct name A. J. Steffan?

As said in 19 R. C. L., p. 1333:

"Since the object and purpose of describing a person by his name is to identify him the general rule is that one may be designated in legal proceedings

by the name by which he is commonly known, although not his true name.'' Beaumeister v. Marcum, 101 Ky. 122.

Under the facts in evidence, the filing of the affidavit or certificate signed by T. J. Steffan was a substantial compliance with the statute.

Judgment affirmed.