## Bondurant v. Dahnke-Walker Milling Company.

(Decided May 25, 1917.)

Appeal from Fulton Circuit Court.

1. Corporations—Contracts—Intrastate Commerce.—A foreign corporation can not enforce a contract, arising from a transaction in intrastate commerce, with a citizen of this state, where the corporation has failed to comply with the requirements of section 571, Kentucky Statutes.

2. Corporations—Intrastate Contract.—A contract for the sale and delivery of goods, in this state, between a citizen of this state and a citizen of another state, where the goods are then in this state, and the entire transaction is completed in this state, and the title to the goods passes, is an intrastate transaction.

B. T. DAVIS and W. J. WEBB for appellant.

ROBBINS & ROBBINS for appellee.

OPINION OF THE COURT BY JUDGE HURT—Reversing.

This action was instituted in the Fulton circuit court by the appellee, Dahnke-Walker Company, against the appellant, C. T. Bondurant, to recover damages for the alleged breach of a contract, which the appellant and appellee had made, involving the sale and delivery of about fourteen thousand bushels of wheat, as estimated. After the pleadings had been made up, a trial followed before the court and a jury, and as a result the jury found a verdict in favor of the appellee and a judgment was rendered accordingly. The appellant's motion for a new trial was overruled and he seeks a reversal of the judgment against him. Several grounds for reversal are urged, among which is the contention, that the court erred in denying appellant's motion for a directed verdict at the close of the testimony for appellee and at the close of all the evidence. One of the grounds urged as a reason for a directed verdict is, that the appellee is a foreign cor-

poration, and engaged in doing business, in the state of Kentucky, without having complied with the requirements of section 571, Kentucky Statutes, and for that reason, the contract between him and appellee was not enforceable. The appellant presented as one of his defenses, that appellee was a foreign corporation and was engaged in doing business in the state of Kentucky, and that in making the contract sued upon was so engaged, and that it had never complied with any requirement of section 571, *supra,* by having one or more places of business in this state and an authorized agent or agents thereat upon whom process could be served, and had not filed in the office of the Secretary of State a statement signed by its president or secretary, giving the location of its office or offices in this state, and name or names of its agent or agents thereat, upon whom process could be served. The appellee admitting that it was a foreign corporation, organized and having its chief place of business in the state of Tennessee, and had not complied with the requirements of section 571, *supra,* but denied that it was engaged in doing business in the state of Kentucky, and alleged that the making of the contract sued upon was an engagement in interstate commerce, and hence its actions could not and were not affected by the provisions of section 571, *supra;* while appellant contends that the business transacted with him, which was the basis of the action against him, was purely an intrastate transaction.

There were some minor differences in the evidence, as to the terms of the contract, but the undisputed facts proven, about which there were no contradictions, show that the terms of the contract were, that about the 15th day of June, 1915, or a few days thereafter, the appellant and John Creed, an agent of appellee, entered into the contract sued upon at Hickman, Ky.; that both appellant and Creed were citizens of Kentucky; that appellant agreed to sell and deliver the crop of wheat grown by him upon his lands, in this state, during the year 1915, to appellee or to its agent, on board the cars at Hickman, Ky., within a reasonable time after same should be threshed, not later than the 10th day of August, and appellee, or its agent, was at the time of such delivery and at the place of delivery and concurrent therewith to pay to appellant the contract price for the wheat, which was one dollar and four cents per bushel. The appellant testified that Creed did not represent to him that he was making the contract for or on behalf of appellee, and the

testimony of Creed fails to show that he disclosed his principal, although he makes the statement that appellant knew in what capacity he was contracting. This difference, however, is not important. The evidence does not disclose that the contract contained any stipulation that the wheat was to be consigned to anyone or to any place by appellant when put on board the cars, and hence it must be assumed that the appellee, when the wheat was delivered, might consign it to such person or to such destination or to do with it as it saw fit.

This court has heretofore held that section 571, *supra,* does not have any application to a foreign corporation, which is engaged strictly in interstate commerce with citizens of this state, and that so far as the provisions of the section may seem to require a foreign corporation to comply with its requirements as a condition precedent to engaging in interstate commerce with citizens of this state, it is void. Such commerce can be regulated by the Federal Congress, only. Louisville Trust Co. v. Bayer S. S. B. Co., 166 Ky. 746; Three States Buggy Co. v. Com., 105 S. W. 971; Com. v. Baldwin, 29 R. 1074; Com. v. Eclipse Hay Press Co., 104 S. W. 224; Ryman Steam Boat Co. v. Com., 125 Ky. 253; Com. v. Hogan, 74 S. W. 737; Com. v. McMorrow, etc., 25 R. 41. It is, also, well settled, that a state may impose any condition, it desires upon a foreign corporation for permitting it to engage in intrastate business Com. v. Read Phosphate Co., 113 Ky. 32; Mfg. Co. v. Ferguson, 113 U. S. 727; Insurance Co. v. Cravens, 178 U. S. 389; Hooper v. California, 155 U. S. 648; Waters Pierce Oil Co. v. Texas, 177 U. S. 29. In so far as section 571, *supra,* regulates the transaction of business by foreign corporations within this state, other than interstate commerce, it is not in conflict with the provisions of the Federal Constitution. Knoxville Nursery Co. v. Com., 108 Ky. 6; Com. v. M. & O. R. Co., 24 R. 784. Hence, if the contract sought to be enforced was an interstate commerce transaction, the failure to comply with section 571, *supra,* would not affect the right of appellee to sue and recover upon its contract, but if it was an intrastate business, the failure to have complied with section 571, *supra,* is fatal to appellee's right of recovery for the breach of such a contract, as it was held by this court, in Oliver v. Louisville Realty Co., 156 Ky. 628, that it was unlawful for a foreign corporation, without first having complied with section 571, *supra,* to engage in business in this state, other than interstate com-

merce, and contracts entered into for the transaction of such business were unlawful, and that the courts would not give their assistance in the enforcement of unlawful contracts. Fruin-Colmon Contracting Co. v. Chatterson, 146 Ky. 504. A contract is always void, if it is prohibited by statute, although the statute does not declare contracts to be illegal, which are made in violation of it. VanMeter v. Spurrier, 94 Ky. 22; Lindley v. Rutherford, 17 B. M. 246.

So the question for decision is, was the contract between appellant and appellee one which is protected by article I., chapter 8, paragraph 3, of the Federal Constitution, from regulation by the state of Kentucky, as being a transaction in interstate commerce? An analysis of the terms of the contract shows that the wheat was purchased in Kentucky, to be delivered and paid for in Kentucky, and at a time when the wheat and all the parties were in Kentucky. The title to the property, under the contract, was to pass from the vendor to the vendee in Kentucky. No further thing was to occur or to be performed beyond the boundary line of the state of Kentucky to make a complete compliance with the contract, nor had any negotiations been theretofore carried on with reference to the contract between the appellant and appellee whilst the latter was in the state of Tennessee. The wheat was not to be consigned for delivery, to any point or to any person, outside of the state, so far as the terms of the contract require. The appellee, when it should have received and paid for the wheat in this state, might resell it, in this state or ship it to such point, as it desired, or otherwise dispose of it in this state, according to its pleasure. There was nothing in the terms of the contract, which required the consignment or shipment of the wheat from Kentucky to another state in order to make a full compliance with it. How can this contract be distinguished from one entered into, in this state, between citizens of this state, for the sale and delivery of a product then in this state? The only distinguishing feature would be, that one of the parties was a citizen of a state, other than the state of Kentucky. Such a fact, however, could not convert a transaction into a transaction in interstate commerce, which was not otherwise an interstate transaction. No one would contend that because a citizen of another state, who should be in the state of Kentucky, and should purchase an article in this state, receive same and pay for it in this state, was en-

gaged in interstate commerce, although he might have an intention to return at once to his own state and take the article with him. In the instant case, had it been necessary in order to a complete compliance with the contract, that the wheat should have been delivered to the appellee in the state of Tennessee, there would then have been no doubt of its being a transaction in interstate commerce. It has often been held, that a manufacturing concern in another state, which sends its agent into this state to sell goods by sample, the order to be approved in the state of the manufacturer, is engaged in interstate commerce. Com. v. McMorrow, etc., 25 R. 41; Com. v. Eclipse Hay Press Co., 31 R. 824; Com. v. Baldwin, 29 R. 1075. In Com. v. McMorrow, etc., *supra,* it was said that "these decisions rest upon the theory that an order taken for goods by a traveling salesman in the employ of a foreign corporation does not constitute the contract itself, and that the contract has existence, only, from the time of the confirmation of the order." It has, also, been held, that a citizen of a state, who without any contract with a citizen of another state for the sale and delivery of goods to him, takes his goods into the latter state, and there exposes them for sale, that such sales so made are not transactions of interstate commerce, but transactions of a purely intrastate character; and a tax levied, by a state upon the occupation of selling goods, wholly within the state, is not an interference with interstate commerce, although the goods may have their origin in another state. Where all of the contract, sale and delivery are all made in the same state, such transactions lack all of the elements of the negotiations between the citizens of different states, for the sale of goods then in one state, to be delivered in another, so as to invest it with the character of an interstate transaction. Such contracts have nothing to give them an interstate character. City of Newport v. French Bros. Bauer Co., 169 Ky. 174, and cases therein cited; City of Newport v. Wagner, 168 Ky. 641, and cases therein cited. All of the cited cases have been decisions arising under the laws and in the courts of the states wherein the delivery of the goods sold was made, and we have not been referred to any case, wherein the contract, sale and delivery of the goods were made wholly within one state, and of goods then in such state, and from a citizen of such state, that the transaction has been held to be one of interstate commerce, although the purchaser might contemplate removing the goods into

another state after the sale and delivery to him. The case of Macnaughton v. McGirl, 38 L. R. A. 367, relied upon by appellee as sustaining the position, that it was engaged in interstate commerce, does not sustain such contention. In that case the agent of Macnaughton Company, which was a corporation engaged in doing business in New Jersey, under the laws of which state it was organized, went into the state of Montana and entered into a contract on behalf of his principal, for the shipment of a consignment of wool from the state of Montana to New Jersey, and to be by the principal sold on commission. The Macnaughton Company advanced to the shipper of the wool a sum of money, under an agreement that when the wool should be shipped to New Jersey and sold, if it brought more than the sum advanced, the shipper, after payment of the commissions, should be paid the residue, but if it sold for less than the sum advanced, the shipper should make good the deficit to the company. The wool sold for less than the sum advanced and the company sued the shipper in the courts of Montana to recover the deficit. In Montana there exists a statute similar to section 571, *supra,* and the shipper relied upon the failure of the Macnaughton Company to having complied with the requirements of that statute as a defense against the right of the company to maintain a suit against him in Montana, and the court held that his contention could not be maintained, because the transaction was one in interstate commerce. It will be observed, that in that contract it was required that the wool be shipped from Montana to the state of New Jersey and there to be sold, which was a feature which characterized the transaction as one in interstate commerce and very different from the instant case, where the contract, sale and delivery of the thing sold was all effected in the state of Kentucky, and the contract to be entirely completed within the state, of the sale of goods, then in the state, and made by a citizen of the state. The proof, also, shows that the appellee had made other transactions in the state of a similar character to the one in controversy.

Having arrived at the conclusion that the contract sued on was one, which had relation to doing business in the state of Kentucky, and not a transaction in interstate commerce, and it appearing that the appellee had never complied with the requirements of section 571, *supra,* which was a condition precedent to its right to do business

within this state, the contract was unlawful, and the court should not have given its assistance to a recovery for a breach of it, but should have sustained the motion for a directed verdict. With this view of the case, it is unnecessary to consider any other questions raised on the appeal.

The judgment is therefore reversed and cause remanded for proceedings consistent with this opinion.