## Hayes v. West Virginia Oil, Gas & By-Products Company.

(Decided March 18, 1919.)

### Appeal from Lawrence Circuit Court.

1.  Corporations—Designation of Agent Upon Whom Process May be Served.—A corporation which has failed to comply with the requirements of section 571, Ky. Stats., can not, lawfully, do business in the state of Kentucky, and can not maintain a suit for the protection of a business which is being conducted contrary to law.

2.  Corporations—Designation of Agent Upon Whom Process May be Served.—A corporation which does business, in this state, without complying with section 571, Ky. Stats., can not make its acts before complying with the statute, valid, by a compliance with it thereafter.

CLYDE L. MILLER for appellant.

W. D. O'NEAL for appellee.

OPINION OF THE COURT BY JUDGE HURT—Reversing.

The appellant, Wilson Hayes, is the owner of a tract of land, in Lawrence county. On August 3, 1915, he executed and delivered to A. J. Dalton, trustee, a lease upon his lands, by which he conveyed to the grantee, the oil and gas, under the surface of the lands, and the right to enter thereon, and bore for, and remove same, etc. Thereafter, A. J. Dalton, trustee, sold and assigned the benefits and rights, under the lease, to the appellee, West Virginia Oil, Gas & By-Products Company. Under this lease, the appellee, entered upon the lands and bored for oil successfully, but in the meantime, a controversy had arisen between appellant, Hayes, and the heirs of Rice, Hatcher and Rice, as to the ownership of the oil, etc., in the lands, and this controversy resulted in a suit, at law, between Hayes and the Rice, Hatcher, and Rice heirs, and in a judgment of the court, by which it was decided, that the latter, were the owners of the oil, and minerals in the lands, with the exception of coal. Thereupon, the heirs of Rice, Hatcher and Rice executed a lease to A. J. Dalton, trustee, by which, they conveyed, to him, all their rights to the oil, and minerals in the lands, and he assigned the benefits, of his conveyance, to the appellee. Thereafter, the appellant and appellee engaged in a controversy, as to their re-

spective rights in the premises, which resulted in appellant interfering with the appellee, in its use of the land, and the exercise of certain privileges, thereon, which it claimed under its lease. The appellee brought an equitable action to restrain appellant from interfering with, and obstructing it, in its operations, and obtained a temporary restraining order, and as final judgment in the action an order, permanently enjoining the appellant, from the acts complained of, and from this judgment he has appealed.

One of the defenses, offered by appellant, was, that the appellee was a corporation and had never complied with the requirements of section 571 Ky. Stats., by "filing, in the office of the Secretary of State, a statement, signed by its president or secretary, giving the location of its office or offices in this state, and the name or names of its agent or agents thereat upon whom process can be served." For the purpose of a trial of the action, the parties, then made and subscribed an agreement as to the facts touching their controversy, and therein, it was agreed, that the appellee was the assignee of Dalton, trustee, of the lease executed by appellant, to him, and, also, of the lease executed by the heirs of Rice, Hatcher and Rice, and that these leases authorized the appellee to enter upon the lands, and to bore for oil, etc., and that prior to the institution of the action, the appellant interfered with appellee in its operations, and forbid it to enter upon the lands for the purposes of the operations. It was, also, agreed, that at the time, appellee acquired the leases, and at the time, the appellant committed the acts complained of, the appellee "was engaged in leasing, buying, owning and operating oil and gas properties in Lawrence county, Kentucky, and had failed to designate a process agent, it being a West Virginia corporation, but, after the filing of the amended answer herein, setting up such default, the appellee, did, on March 30th, 1917, designate a process agent as required by section 571, Ky. Stats." The appellee, by its brief, insists that the contract, by which it acquired the leases, was made and executed, wholly, in the state of West Virginia, wherein the corporation is domiciled, and that it acquired the leases by assignment from A. J. Dalton, trustee, who, as an individual, had acquired the leases, in Kentucky, and for that reason, the leases are not invalid, but, the stipula-

tion as to the facts, does not contain a statement to
the above effect, and, neither does it contain any state-
ment, as to where the contract was made and executed,
by which the corporation acquired the leases, and for
that reason, we do not decide nor make any intimation,
as to the validity or invalidity of the leases, and neither
is such question before us, upon the record, as the ap-
pellant only contests the right of the corporation to
enforce rights, which it claims to have growing up out
of the lease, or to complain in court of any infraction of
any rights, which it might have under the leases, if it
had complied with the statutory requirements. All the
acts of appellant, which it complains of, were committed
before it had complied with the statute, and at the time
of the institution of its suit, it had not then complied
with it. The statute, *supra,* very broadly declares,
"that it shall not be lawful for any corporation to carry
on any business in this state," until it shall have com-
plied with the requirements of that statute, and it im-
poses a penalty upon a corporation, which "shall trans-
act, carry on or conduct any business in this state,"
without a previous compliance with the requirements of
the statute, thereby making such conduct upon its part,
illegal. Hence, it is immaterial whether the leases are
valid or invalid, as the corporation could not, lawfully,
do any business with reference to them, nor enforce any
right claimed by it under them, nor appeal to the courts
of this state, to enforce an asserted right upon its part,
to conduct a business, which the law forbids it to do.
The reasons and purposes of the statute 571, *supra,*
have been frequently declared, and a compliance with
its provisions is neither onerous nor complex. Most
of the states have a similar statute. The duty of enact-
ing such a statute, was imposed upon the legislative
department, by section 194 of the Constitution. The
effect of the statute upon those corporations, which de-
cline or neglect to comply with its provisions, has been,
heretofore, declared by the decisions of this court, until
it has become the settled law of the Commonwealth.
Oliver Company v. Louisville Realty Co., 156 Ky. 628;
Fruin-Colnon Contracting Co. v. Chatterson, 146 Ky.
504; Bondurant v. Dahnke-Walker Milling Co., 175 Ky.
774. Nor would the fact that before the judgment, in the
trial court, the appellee did comply with the re-
quirements of the statute, in any way, affect its right to

maintain a suit, because of claimed interference with its business prior to that time, and to invoke the aid of the courts, in the carrying on a business, which it was expressly forbidden by statute to do. In Fruin-Colnon Contracting Company v. Chatterson, *supra,* it was held that a corporation, which had made a contract, prior to complying with section 571, *supra,* could not make that contract enforcible, by a compliance with the statute, thereafter. To hold, that a corporation could decline or neglect to comply with the statute, until it desired to invoke the aid of the courts, about something, and that its compliance then would have the effect of making its acts previous to that time, valid, and its claims enforcible, which it was theretofore, exercising unlawfully, would destroy the purpose of the statute, and any beneficial effect, which it was intended to have. In the instant case, all of the things complained of, were such as transpired previous to the bringing of the action, and to the compliance with the statute by the appellee. One cannot be heard to invoke the aid of the courts, in assisting it to carry on a business, which the law makes illegal and forbids one to do.

The judgment is therefore reversed and cause remanded with directions to set aside the judgment, granting the injunction, and for proceedings not inconsistent with this opinion.