## Fayette National Bank v. Meyers.

(Decided November 10, 1925.)

### Appeal from Scott Circuit Court.

1. Corporations—Facts Held to Establish Custom Authorizing Officer of Corporation to Endorse Checks and Deposit Same in His Account.—Where a party was president, fiscal agent, and general manager of corporation in charge of raising money and operations, and endorsed all checks made to company as fiscal agent, depositing them to his individual credit, such facts established a course of conduct binding on company and stockholders, giving such party a right to endorse a check payable to corporation for stock, and giving bank which had been receiving similar checks right to accept particular check and deposit it to party's account.

2. Corporations—Where Custom Warranted Bank in Accepting Check to Corporation Indorsed by Officer and Depositing Amount to Credit of Officer, Bank Placed in Same Position as Corporation.—Where conduct and custom of corporation's business warranted bank in accepting checks payable to company and indorsed by officer, and to place funds to credit of officer, bank in suing on check was in same position as corporation would be had it retained check and brought suit thereon.

3. Bills and Notes—Bank, Accepting Check Nine Months After Issuance, Not a "Holder in Due Course" and Subject to Defenses of Original Parties.—Bank, accepting check payable to oil company nine months after date, is not a holder in due course, in view of Kentucky Statutes, section 3720b-53, providing that, where instrument payable on demand is negotiated an unreasonable length of time after issuance, the holder is not deemed a "holder in due course" and is therefore subject to defenses between original parties.

4. Bills and Notes—Check, Accepted by Bank Nine Months After Issuance, Regarded as Past Due, Subjecting Holder to Defenses Between Original Parties.—Check, accepted by bank nine months after issuance, is regarded as past due under rule that a check must

be presented for payment within a reasonable time determined by all facts and circumstances so that bank is subjected to defenses between original parties.

5.    Corporations—Secretary of Corporation Giving Check for Stock is Estopped to Deny Liability on Check Under Corporation Law, and Cannot Set up Defense of Special Contract.—Where defendant secretary and treasurer of corporation gave check to it, and received stock in exchange equal to amount of check, he is estopped to deny liability for amount of check, in view of Constitution, section 193, and Kentucky Statutes, section 568, prohibiting a corporation from issuing stock except for equivalent in money paid, labor done, or property received, of which defendant, as secretary, was bound to know, and therefore a defense to suit on check of special contract whereby defendant was not to be liable on check, unless oil well was completed, cannot be set up.

BRADLEY & BRADLEY and ALLEN BOTTS & DUNCAN for appellant.

L. F. SINCLAIR for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

This case was instituted by appellant bank in the Scott circuit court against appellee, Meyers, upon the following check:

"Georgetown, Ky., 12/15/1920.

"GEORGETOWN NATIONAL BANK.        73-139

Pay to Cra Tom Oil Co.........................................or Bearer, $500.00
Five Hundred _____Dollars
For................................................

"Z. L. MEYERS."

The check was not presented for payment for several months after its date and when presented the drawee, bank, refused payment at the instance of appellee, Meyers, hence this suit.

There were two or three jury trials of the case and upon the last trial the court directed the jury to find and return a verdict for the defendant, now appellee, Meyers, and the bank appeals.

Meyers defended on the ground that the check was delivered to Craft, president and fiscal agent of the oil company, upon the condition that it was not to be cashed by Craft, or the oil company to whom it was made payable, until a certain oil well, then in course of drilling in

Morgan county, was completed and oil found. It was also averred in the answer that the well had not been completed, and no oil found. The answer furthermore averred that the check was indorsed by W. L. Craft, fiscal agent Cra Tom Oil Company, and deposited to the credit of W. L. Craft and not to the credit of the oil company, about eight or ten months after it was made, signed and delivered by appellee, Meyers, to Craft, as the president and chief officer and agent of the oil company. After averring that the company was a corporation and that it was engaged in drilling an oil well in Morgan county and that the well was yet unfinished and to finish it additional funds were required, the answer avers "that said well was unfinished and said company represented to this defendant that in order to finish drilling same it would be necessary to raise additional funds for this purpose; that this defendant stated to one W. L. Craft, who was representing said company at that time, that he would subscribe for additional stock in said company to the amount of $500.00 and would give him his cherk for said sum, payable only and upon the condition, when said well was completed and oil found; that said check was thus accepted by said company and upon the conditions mentioned. He says that said well was never finished, nor was any oil ever found in same; that said check was given on 15th day of December, 1920, and that same was not presented for payment to the bank upon which it was drawn until the 9th day of September, 1921; that by reason of the failure of said company to comply with the conditions well known and understood between this defendant and it at the time said check was given, all of which has been fully set out above, this defendant notified and requested said bank upon which the same was drawn not to pay said check which the defendant had a right to do."

Without demurring to the answer the bank filed reply traversing the affirmative allegations of the answer. Later a general demurrer was filed to the petition. By amended reply it was averred:

"That if any agreement between the said Meyers and the Cra Tom Oil Company, or the said Craft, representing said company, by which the check of the said Meyers was made conditional, or was not to be paid, said agreement was a secret one between them, and was fraudulent and in fraud of

the rights of the said J. M. Haggin, G. C. Logan, George Allen and R. T. Ashust, the parties who advanced them money as set out above on the faith and credit of the execution of said check by the said Meyers on said occasion.

"It further says that as consideration for his said check which he gave to the said Cra Tom Oil Company, he, as secretary of said company, executed and delivered to himself five hundred shares of stock in said company of the par value of one dollar, and that he still has the stock in said company.

"It says that said check so executed by the said Meyers is the one sued on by the plaintiff herein, and that the defendant cannot set up said fraudulent agreement in defense of this action, and that by reason of the facts of his executing and delivering said shares of stock to himself as secretary of said company he is now estopped from defending the collection of this check."

By amended reply it is averred

"That if there was an agreement between the defendant and W. L. Craft, as set out in the answer herein, said agreement was the result of a fraudulent agreement made between the said Meyers and the said Craft for the purpose of securing stock for the said Meyers in the Cra Tom Oil Company, without paying for same. . . .

"It says that the said Craft was president of said company and the defendant was secretary and treasurer of said company, and a director, and that said fraudulent agreement set out above was made by them as officers of said company and acting in concert."

This case presents many difficult questions, but we think it may be disposed of by correctly determining the rights of the bank upon and to the check as indorsee, and whether the special agreement pleaded in the answer as having been made at the time of the execution and delivery of the check by appellee, Meyers, to the company through its president, was valid and enforceable and therefore a defense to the action on the check. To do this we must determine whether Craft, president and fiscal agent and general manager of the oil company,

had a right to indorse the check and the bank had a right after such indorsement to place the funds to the individual credit of Craft, as was done. The record shows that Craft was in charge of the oil company's business both in raising and expending its money. He was also in charge of its field operations, looking after the drilling of oil wells, employed and discharged its men and attended to all its business in detail in the field. On different occasions before the execution of the check sued on, he had come from the field and induced the stockholders of the company to raise additional funds with which to continue drilling. All checks made to the company, so far as the record shows, were endorsed by him as fiscal agent, and deposited to his individual credit, as was done with the check now in suit. Proof of this is not denied. This established a method or course of business by which the company and each of its stockholders and directors were bound. It would, therefore, seem that Craft, as president and fiscal agent of the company, acting and speaking for it in every business relation, had a right to indorse the check of Meyers as fiscal agent of the company in the same way and manner he had endorsed all other checks of the company, and the bank with which he had and kept an account and which had been receiving other checks made to the company and indorsed by Craft as fiscal agent, had a right to accept the check in question, indorsed by Craft as fiscal agent and to place the funds to the same account as with other checks, in accordance with the custom of business established between the oil company and the bank, as was done. If, therefore, there were such a custom of business as warranted the bank in accepting the check as indorsed and in placing funds to the credit of W. L. Craft, then that bank was in the same position as the oil company would have been with respect to the check had it retained the check and instituted suit on it, itself.

The evidence shows that the cashier of the bank accepted the check on September 8, 1921, without observing that it was given on December 15, 1920, and that the bank would not in all probability have accepted the check and passed the funds to the credit of Craft had he observed that it was long past due, as we must hold it was, for we have written in several cases that a check must be presented for payment within a reasonable time, and in determining what is a reasonable time in such case

all the facts and circumstances must be looked to. 8 C. J. 539; Frazee v. Phoenix National Bank, 161 Ky. 175.

In this connection we have said in presenting a check for payment two days after its date was not an unreasonable time, and the check was not then past due. Presented on the 8th of September, 1921, after it was given on December 15th, 1920, was after due and, therefore, subjected the check to all the defenses which would have been available between the original parties. We, therefore, conclude that the bank was in the same relation to the check and had the same rights therein which the oil company would have had at the time of the commencement of the action had it retained the check, but no greater rights. This principle is now supported by section 3720b-53, Kentucky Statutes (Negotiable Instrument Law), reading:

"3720b-53. Holder Not in Due Course—Where an instrument payable on demand is negotiated an unreasonable length of time after its issue, the holder is not deemed a holder in due course."

When one who is not a holder in due course brings an action upon a paper it is open to all the defenses available between the original parties.

Having received the check after an unreasonable lapse of time from its date the bank is not a holder in due course. Having arrived at the conclusion that the bank is not a holder in due course of the check in suit, may appellee, Meyers, successfully interpose a defense of special contract as pleaded in his answer? Recognized authorities seem to hold that he may do so. (Cite) 5 R. C. L., pages 536-37; Cowing v. Altman, 71 N. Y. 435, 27 Am. St. Rep. 70, 8 C. J., page 539.

But there is another and yet more serious objection to appellee's defense, as appears to us. Section 568, Kentucky Statutes, provides:

"No corporation shall issue stock or bonds except for an equivalent in money paid or labor done, or property actually received and applied to the purposes for which such corporation was created, and neither labor nor property shall be received in payment of stock or bonds at a greater value than the market price at the time said labor was done or property delivered; and all fictitious increase of stock shall be void."

See sec. 193, Constitution of Kentucky.

The evidence shows without contradiction that appellee, Meyers, was secretary and treasurer of the corporation, and there is quite conclusive evidence that he was a director in the corporation at the time of the making of the check, and that appellee at the time he gave his check to the oil company, acting in conjunction with other directors of the corporation and its president, issued, as secretary, certificates of stock to each of the persons furnishing money to the corporation with which to complete the well, the face value of which check is equal to the money provided by each party, at the same time issuing to himself a certificate of stock for 500 shares of one dollar each, being the amount of his stock issued to the oil company and delivered to its president, Craft. This certificate of stock was in the regular form employed by the company and was signed by its president, Craft, and also by appellee, Meyers, as secretary. This certificate was delivered to appellee, Meyers, and received and accepted by him and he still retains it.

Although appellee, Meyers, entered into the specific contract with the president of the company, as averred in his answer and proved by his evidence, he later, on making and delivering his check to the company, accepted from the company stock of the company of the par value of the face of the check, and being secretary and treasurer of the company, if not a director, he was bound to know that the company had no authority to issue its stock except for an equivalent in money paid or labor done or property actually received and applied to the purposes for which such corporation was created. Both the constitutional provision, and subsection a of section 568, Kentucky Statutes, interdict the issual of stocks by a corporation except for an equivalent of money, labor or property actually received by the company, and not merely the sale and delivery of such stock. Appellee by his action in issuing and delivering the stock, as secretary of the corporation, in consideration of the check of $500.00 made by himself to the company, was and is estopped, it would seem to the court, to now say he is not liable for the face value of the stock he having retained it and now holds it as his property. This conclusion, of course, is based upon the evidence as it appears in the record; but of course, upon a return of the case the parties may, with the consent of the trial court, take further evidence and thus more fully develop the facts, and this may require a different conclusion. Upon

the facts as they appear in the record the trial court should have directed a verdict in favor of appellant bank, and it was, therefore, in error in directing a verdict for the defendant, now. appellee, Meyers. For the reasons indicated the judgment is reversed for proceedings consistent with this opinion.