## Williams v. Dearborn Truck Company.

(Decided February 15, 1927.)

### Appeal from Fayette Circuit Court.

1. Corporations—Foreign Corporation's Failure to File Statement Held Not Defense to Action by Corporation, Though Transaction was Intrastate (Ky. Stats., Sections 199b, 566, 571; Constitution,

Section 194).—Failure of foreign corporation to comply with Ky. Stats., section 571, by filing statement with secretary of state, is not good defense to an action by that corporation, whether the transaction be interstate or intrastate, in view of Constitution, section 194, and Ky. Stats., sections 199b, 566, in view that liability to fine to be recovered in the criminal courts for failure to comply with statute was intended to be the only penalty.

2. Sales—In Truck Company's Action Against Dealer, Evidence, Failing to Show Return of Defective Axle as Required by Contract, Held Insufficient to go to Jury on Counterclaim.—In action by truck company against local dealer wherein defendant filed counterclaim for damages for defects in rear axle in particular truck, evidence failing to show that axle had been returned to plaintiff for adjustment or repairs as required by contract between parties held insufficient to go to jury.

GEORGE C. WEBB for appellant.

T. G. SMITH and W. B. MARTIN for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—Affirming.

Appellee, Dearborn Truck Company, a corporation, instituted this action in the Fayette circuit court against appellant, W. R. Williams, to recover $947.29, the amount due it from him as evidenced by a bill of exchange which it had drawn directed to him and which he by written endorsement upon its face had accepted and agreed to pay according to its tenor at a time fixed at the Bank of Commerce, Lexington, Kentucky, but which he had refused to pay. By answer appellant admitted the acceptance of the bill of exchange, but pleaded that the amount thereof represented the balance owing by him to appellee on the purchase price of a truck sold by it to him; that the sale was made in Kentucky; and that appellee was then a foreign corporation and had not complied with the provisions of sec. 571, Kentucky Statutes, by filing a statement with the secretary of state giving the location of a place of business in this state and designating an agent thereat upon whom process might be served. The answer also pleaded a counterclaim. By reply it was denied that the truck was sold to appellant in Kentucky, and it was averred that that transaction was an interstate one. The counterclaim was traversed. Upon the issues thus formed, at the conclusion of the evidence the trial court peremptorily instructed the jury to find for

appellee on appellant's counterclaim; and by agreement of the parties the question as to whether the sale of the truck was an intrastate or interstate transaction was submitted to the trial court. Concluding that it was an interstate transaction the trial court awarded appellee a judgment for the full amount sued for with interest and cost. Hence the appeal.

The question in controversy, as the appeal is presented by the briefs, is whether the sale of the truck by appellee to appellant was an intrastate or an interstate transaction. The parties are agreed that if it was an interstate transaction, under numerous opinions of this court, the provisions of sec. 571 may not be invoked as a defense, and that if it was an intrastate transaction, under the rule prevailing as declared in Fruin-Colnon Contracting Co. v. Chatterson, 146 Ky. 504, 143 S. W. 6, 40 L. R. A. (N. S.) 857; Oliver Company v. Louisville Realty Company, 156 Ky. 628, 161 S. W. 570, 51 L. R. A. (N. S.) 293; Ann. Cas. 1915C 565; Bondurant v. Dahnke-Walker Milling Company, 175 Ky. 774, 195 S. W. 139; and Hays v. West Virginia Oil, etc., Company, 183 Ky. 622, 210 S. W. 174, since it appears that the corporation had failed to comply with the provisions of that statute, it has no standing in court and may not maintain an action to enforce any contractual obligation. The question as to whether the transaction here involved was an interstate or intrastate one has been discussed very much at length in the numerous briefs filed herein, and many opinions of this court, and of other courts as well, have been cited in support of the opposing contentions.

This court has had forcibly called to its attention recently in several cases the consequences of the interpretation and application given to the section, *supra,* of our statutes in the opinions, *supra,* as well as the consequences of a like interpretation and application of the provisions of section 199b, Kentucky Statutes, requiring persons doing business under fictitious names to file statements disclosing the names of the persons interested, so that both statutes and our opinions relating to them have again been given most serious investigation and consideration. The reconsideration of the questions, in so far as they relate to the provisions of section 199b, in the recent case of W. T. Hayes v. Providence Citizens' Bank & Trust Company, 218 Ky. 128, —, S. W. —, led to the overruling of a number of the previous opinions of

the court as to the interpretation and application to be given to that section of our statutes.

The principles there involved are analogous to those involved in a construction of section 571, Kentucky Statutes, and much that was said in the Hayes opinion may with equal force be said with reference to a proper construction of section 571. No case has been presented to this court in which the application of those two sections of our statutes as they have been interpreted has not worked harsh injustice. In the Oliver case, *supra,* the company, a Tennessee corporation, erected a large and expensive building for the Louisville Realty Company in Louisville, Kentucky. It sued for the balance due it on the contract. The relief it sought was denied solely because the corporation had not complied with the provisions of section 571. Fortunately in that case only a comparatively small portion of the contract price was involved; but under the principles there announced, if the action had been for the recovery of the entire contract price of the building, however much that may have been, the company for whom the house was built would have been excused from paying any part of it because of the failure of the contracting company to file the statement required by section 571. In Fruin-Colnon Contracting Company v. Chatterson, though appellant corporation had been accepted as the lowest and best bidder and contracted with for certain street improvement work, after all the requisite, valid, legal steps had been taken by the municipality so as to impose liability upon the owners of property abutting the streets to be improved, and though in accordance with the specifications it had constructed the street, the property owner was excused from payment because the corporation had not filed the statement required by section 571. Those are not extreme but merely average examples of the grave injustice resulting from the interpretation and effect given to the provisions of that section of our statutes by this court.

With the development of business and industry and the constantly growing tendency upon the part of those promoting and engaging in business enterprises to do so by creating corporations for the purpose, experience taught that vexatious questions whether corporations that had been sued were before the court on the process that had issued and been served should be avoided, and that a method should be provided by which one with a grievance against a corporation might at all times be

able to appeal to the courts for redress. These considerations led to the adoption of section 194 of our present Constitution, reading:

> "All corporations formed under the laws of this state, or carrying on business in this state, shall, at all times, have one or more known places of business in this state, and an authorized agent or agents there, upon whom process may be executed, and the general assembly shall enact laws to carry into effect the provisions of this section."

Section 571, Kentucky Statutes, was enacted by the legislature at its first session after the adoption of our present Constitution, and was section 34 of chapter 171 of the Acts of 1893, which became effective April 5, 1893. It was enacted to carry into effect the provisions of the section, *supra*, of our Constitution. Reference to those sections of the Constitution and statutes discloses that to serve the purposes indicated it was provided that all corporations, whether domestic or foreign, doing business in this state should at all times have one or more known places of business in this state and an agent or agents thereat upon whom process could be served. In order that the public might be informed the statute, *supra*, requires each corporation to file a statement in the office of the secretary of state designating its place or places of business in the state and giving the name of its agent or agents thereat upon whom process may be served. After so doing the statute declares the penalty for disobedience of its provisions in these words:

> "If any corporation fails to comply with the requirements of this section, such corporation, and any agent or employee of such corporation, who shall transact, carry on or conduct any business in this state, for it, shall be severally guilty of a misdemeanor, and fined not less than one hundred nor more than one thousand dollars for each offense."

By providing a specific and severe penalty to be meted out to any corporation or its agents who transacted business without having filed the required statement, it hardly seems reasonable to conclude that the legislature intended that any other penalty should attach. It is true that the previous portion of the act in question reads: "It shall not be lawful for any corporation to

carry on any business in this state until it shall have filed in the office of the secretary of state a statement, etc." That provision, however, is fully satisfied and the extent to which any business engaged in should be considered unlawful seems clearly to have been defined and limited by the language of the concluding sentence of the act above quoted which prescribes a specific penalty for doing business without first having filed the statement.

Section 566, Kentucky Statutes, was enacted by the legislature at the same time and as a part of the same act which contained section 571. It provides:

"No corporation organized under this chapter shall be permitted to set up or rely upon the want of legal organization as a defense to any action against it, nor shall any person transacting business with such corporation or sued for injury done to its property be permitted to rely upon such want of legal organization as a defense."

Chapter 171 of the Acts of 1893, in which both sections 566 and 571, *supra,* may be found, was enacted shortly after the adoption of our present Constitution, and it carried into effect all our constitutional provisions relating to corporations, their creation and regulation. After its adoption no corporation could legally be created and engage in business except in accordance with the provisions of that act. Yet as a part of the same act, which declared the "whole law" relating to corporations, the legislature expressly provided by section 566, *supra,* that no one who had transacted business with a corporation or had done injury to its property when sued would be permitted to rely upon its want of legal organization as a defense.

It would certainly seem that the legislature did not intend by section 571 to attach more importance to the requirement that a place of business be designated and a process agent be named than to the many statutory requirements that must be complied with before it has legal corporate existence. Section 571 applies alike to domestic and foreign corporations.

In Aultman & Taylor v. Mead, etc., 109 Ky. 583; Johnson v. Mason Lodge No. 33, I. O. O. F., 106 Ky. 838; and Hallam, Receiver, v. Ashford, etc., 24 Ky. L. R. 870, the first three appeals involving construction of section 571, *supra,* after its adoption, this court so construed

and applied its provisions as to hold that one who had contracted with a corporation, though it had not filed the statement required under the provisions of section 571, could not be heard to complain of that fact. The court then in the opinions which we have hereinbefore indicated took the other view of the question, and in Oliver Company v. Louisville Realty Company, *supra,* the first three cases on the question were expressly overruled. That conclusion was reached by a divided court, and a most vigorous and logical dissenting opinion was written by the then chief justice of the court, which may be found published immediately following the opinion in the Oliver case.

There would appear to be more reason to uphold the construction of section 199b given by the court in the opinions overruled by the Hayes opinion, *supra,* than to uphold the like construction of section 571 announced in the Fruin-Colnon, Oliver, and other cases mentioned. To prevent those engaging in business under a fictitious name from escaping liability for their obligations for lack of information that they were interested in and liable for the obligations of the enterprise being operated under the fictitious name section 199b was enacted. To prevent fraud and deceit under the camouflage of a fictitious name was one of the direct purposes of the enactment of section 199b requiring the names of all persons interested in a business enterprise operated under a fictitious name to be disclosed in the statement filed in the county clerk's office. No such consideration moved to the enactment of section 571. All persons deal with a corporation as a corporate entity, in its corporate name and with reference to its financial condition and standing. No information with reference to these matters is furnished by filing the statement required by section 571. Nevertheless the change of opinion as to the construction and application of the provisions of section 199b was fully justified as reference to the Hayes opinion, *supra,* and the reasons actuating the court therein set forth will disclose.

The court has concluded that these reasons and the reasons appearing in the Hayes opinion, *supra,* and those to be found in the opinion dissenting from the Oliver opinion, *supra,* and the grave injustice that has uniformly attended the construction and application of section 571, to which we have adhered since the rendition of the Fruin-Colnon opinion, *supra,* far outweigh the

reasons given in that and the opinions following it for the conclusion there reached that it was intended by section 571, Kentucky Statutes, to deny any corporation doing business in this state without having filed the required statement a hearing in court to enforce any contractual obligation or to recover for injury done to its property. We now conclude that such was not intended, but that the specific penalty provided, that is, liability for fine within the limits fixed, recoverable in the criminal courts, was intended to be the only penalty for doing business in the state without filing the statement required. Therefore, Fruin-Colnon Contracting Company v. Chatterson, *supra;* Oliver Company v. Louisville Realty Company, *supra;* Bondurant v. Danhke-Walker Milling Company, *supra;* and Hayes v. West Virginia Oil, Gas and By-Products Company, *supra,* and other cases following them, are hereby overruled.

Under the conclusion reached herein it is immaterial and unnecessary to determine whether the sale of the truck involved in this action was an interstate or intrastate transaction, since as we now view the question the action of the trial court was proper in either event.

Appellant insists that the trial court erred in sustaining appellee's motion to peremptorily instruct the jury to find against him on his counterclaim herein. These facts appear: Appellant, a dealer in automobiles, trucks and automotive vehicles of like character, had the local sales agency for the trucks manufactured by appellee corporation. He sold one of its trucks to a customer in his territory and some defect developed in the mechanism of the rear axle. The defective parts were removed from the truck and appellant replaced them with similar parts from another similar truck which he had in stock. He then shipped to appellee the defective parts and it repaired them and returned them to him. He then replaced them in the truck which he had in stock and subsequently sold a half interest in it to another customer, retaining a half interest himself. He and the person to whom he sold a half interest in this truck testified that subsequently they experienced considerable difficulty with the same rear axle, and sought to recover damages on that account. The written contract between appellant and appellee entered into by them when he became a dealer for its trucks and parts expressly provided that any defective parts should be returned to it for adjustment and

repairs. There is a total failure of proof that appellee was ever given any notice that the rear axle of this truck proved defective in any particular after it was repaired and returned to appellant in the first instance. None of the alleged defective parts were ever returned to it for adjustment or repairs. In this state of case, under the contract which appellant and appellee had entered into, appellant did not make a case sufficient to go to the jury on his counterclaim, and the trial court properly sustained appellee's motion for a directed verdict.

For the reasons indicated the judgment herein will be affirmed.