# Falls City Machinery and Wrecking Company v. Sobel-Mark Furniture Company.

(Decided March 25, 1927.)

## Appeal from Jefferson Circuit Court
## (Common Pleas, Third Division).

Corporations.—Failure of a foreign corporation doing business in the state to comply with Ky. Stats., section 571, does not preclude it from maintaining an action in the state.

ARTHUR C. GUNTHER for appellant.

ARTHUR B. BENSINGER for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE— Reversing.

Appellant, Falls City Machinery and Wrecking Company, sued appellee, furniture company, to recover the full value of certain machinery, appliances and fixtures which it was alleged it had sold to appellee and for which appellee had agreed to pay the price named in the petition. Appellee answered and denied its indebtedness to appellant, and affirmatively pleaded that by written contract appellant had agreed to remove certain machinery and fixtures from a building lot in Louisville within a certain time or pay to appellee the sum of $5.00 per day rental thereafter, and that it had failed to remove the machinery within the time, but had left it on the lot for many weeks thereafter, which at $5.00 per day, under the written contract, amounted to something more than $400.00, and prayed a recovery against appellant to this extent. Later it filed an amended answer in which it pleaded that appellant company had failed to comply with section 571, Kentucky Statutes, which provides that corporations "shall at all times have one or more known places of business in this state and an authorized agent or agents thereat, upon whom process can be served; and it shall not be lawful for any corporation to carry on any business in this state until it shall have filed in the office of the secretary of state a statement signed by its president or secretary, giving the location of its office or offices in this state, and the name or names of its agent or agents thereat, upon whom process can be served, . . . and if any corporation failed to comply with the requirements of this section such corporation, and any agent or employee of such

corporation, who shall transact, carry on or conduct any business in this state, for it, shall be severally guilty of a misdeameanor, and fined not less than $100.00 nor more than $1,000.00 for each offense.''

Issue being joined a jury was had. Upon motion of counsel for appellee the court directed the jury to find and return a verdict for it, and this motion was sustained. Then came appellant and moved that the court direct a verdict in its favor on the counterclaim, and this motion, over the objection of appellee, was sustained, and the court so directed the jury in each instance. Judgment being entered in accordance with the two directed verdicts, the machinery and wrecking company prosecutes an appeal.

The record discloses that the directed verdicts in favor of appellee were based entirely upon the assumption of the court, gathered from many past opinions of this court, that a plaintiff corporation may not maintain an action or have a recovery where it has not complied with section 571, Kentucky Statutes. We have so held in the case of Oliver Company v. Louisville Realty Co., 159 Ky. 628; Hays v. West Virginia Oil Company, 183 Ky. 624; Bondurant v. Dahnke-Walker Milling Company, 175 Ky. 774; Warren Oil and Gas Company v. Gardner, 184 Ky. 415.

The rule laid down in the Oliver case, *supra,* and adhered to in many subsequent cases, worked such great hardships and afforded dishonest persons such easy means of committing fraud, that we have, after due consideration of the question by the whole court, decided to change the rule, and have so held in the recent case of Williams v. Dearborn Truck Co., 218 Ky. 271. This necessitates a reversal of the judgment in this case for new trial upon the merits.

Judgment reversed.