## Robb v. Midland Acceptance Corporation.

(Decided June 27, 1928.)

### Appeal from Fayette Circuit Court.

1. Corporations.—Failure of foreign corporation to comply with Ky. Stats., sec. 571, requiring a statement to be filed with the secretary of state, giving name of agent upon whom process may be had, is now no defense to an action brought by such corporation.

2. Estoppel.—Assuming that, after maturity of installments due on note given for purchase price of automobile, assignee thereof agreed not to precipitate the unpaid installments on condition that maker would pay delinquent installments before certain date, and she tendered payment before that date, such fact would not preclude assignee from filing a petition at a later date alleging additional defaults and to elect to precipitate the remaining install-

ments, where maker continued to default and paid none of the succeeding installments.

FRANK S. GINOCCHIO for appellant.

GEO. W. VAUGHN for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

On the 19th of July, 1926, E. Lell Robb executed and delivered to the Mammoth Garage a note for the sum of $1,689.28, payable in monthly installments of $105.58 each, as the purchase price of an automobile upon which she had at the same time executed and delivered a mortgage for the security of the note. This note was properly assigned by the Mammoth Garage to the Midland Acceptance Corporation, an Ohio corporation. On the 21st day of December, 1926, the Midland Acceptance Corporation filed suit on this note against Miss Robb, alleging default in payment of the October, November, and December installments. It also elected to precipitate future installments, and sought to recover $1,478.12, the balance of the note.

In her answer Miss Robb alleged, first, that the plaintiff was a nonresident corporation doing business in this state without the appointment of an agent for service of process as required by section 571, Ky. Statutes; second, that, after the maturity of the November and December installments, plaintiff agreed with her that, if she would pay these installments prior to January 1, 1927, it would not insist on the precipitation clause, and that the present suit was brought thereafter, but before the 1st of January, 1927, and that subsequent to the filing of the action, but before January 1, 1927, she tendered payment of these two installments. She further pleaded payment of the October installment, and that $269.28 usury was embraced in the note, and sought to have this expunged. It appears that plaintiff had some misgivings as to the effect of its violation of section 571, of the Kentucky Statutes, and assigned the note sued on to H. S. Layman Company, also a foreign corporation. but which had complied with the provisions of section 571. That company then filed intervening petition, but later reassigned the note to the Midland Acceptance Corporation, and the latter company, on the 4th of July, 1927, filed a supplemental petition, alleging that plaintiff was in default on

installments maturing in October, November, December, of 1926, and January, February, March, April, May, and June, of 1927, and again electing to declare all of the installments due, and asking judgment accordingly. The case was submitted on the uncontested claims, and the court rendered judgment for plaintiff for the sum of $1,-103.26, leaving open for future adjudication the disputed items of usury and of payment of the October, 1926, installment. It also adjudged that the lien on the automobile be enforced, and that it be sold in satisfaction of the judgment.

1. The failure of a foreign corporation to comply with the provisions of section 571, Ky. Statutes, requiring a statement to be filed with the secretary of state, giving the name of the agent upon whom process may be had, was formerly held to be a defense to an action brought by such corporation; but the decisions so holding were overruled in Williams v. Dearborn Truck Co., 218 Ky. 271, 291 S. W. 388, and such failure is no longer to be regarded as a defense.

2. On the face of the exhibits, plaintiff was authorized to institute suit upon past-due installments and declare the entire debt due at the time it took such action. If, after the maturity of the November and December installments, it agreed not to precipitate the unpaid installments on condition that defendant would pay those due before January 1, 1927, and she tendered payment before that date, it may be assumed that such agreement and tender would be a good defense to a suit filed before that date. But, assuming this much, inasmuch as defendant continued to default and admittedly paid none of the succeeding installments, plaintiff was not precluded from filing a supplemental petition at a later date alleging additional defaults after the 1st of January and to elect to precipitate the remaining installments.

3. The issues as to the payment of the October installment and the claim for usury are not before us, and we perceive no error in the ruling of the court in the adjudged matters.

Wherefore the judgment is affirmed.